1  David S. Kupetz (CA Bar No. 125062)
       dkupetz@sulmeyerlaw.com
2  Steven F. Werth (CA Bar No. 205434)
       swerth@sulmeyerlaw.com
3  **SulmeyerKupetz**
   A Professional Corporation
4  333 South Hope Street, Thirty-Fifth Floor
   Los Angeles, California  90071-1406
5  Telephone: 213.626.2311

6  (Proposed) Bankruptcy Counsel for No
   Fear Retail Stores, Inc., Debtor and Debtor
7  in Possession

8              **UNITED STATES BANKRUPTCY COURT**

9                **Southern District of California**

10  In re                                 Case No.  11-02896-MM11

11                                         **DATE:**    March 1, 2011
    NO FEAR RETAIL STORES, INC.,          **TIME:**    9:00 a.m.
12  a California corporation,              **JUDGE:**   Hon. Margaret M. Mann
                                           **PLACE:**   Chamber 1—Room 218
13                                                      U.S. Bankruptcy Court
                                                        325 West "F" Street
14                    Debtor.                           San Diego, CA 92101

15                                         Chapter 11

16                                         **DEBTOR'S EMERGENCY "FIRST
                                           DAY" MOTION PURSUANT TO
17                                         SECTION 363(c) OF THE
                                           BANKRUPTCY CODE AND RULE
18                                         4001(b) OF THE FEDERAL RULES
                                           OF BANKRUPTCY PROCEDURE
19                                         FOR INTERIM AND FINAL ORDERS
                                           AUTHORIZING USE OF CASH
20  Employer ID# 20-5238208               COLLATERAL; MEMORANDUM OF
                                           POINTS AND AUTHORITIES**
21
                                           [Omnibus Declaration of Mark Simo in
22                                         Support "First Day" Motions Filed
                                           Concurrently Herewith]
23

24

25

26

27

28

SWERTH\ 703041.3

*SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520*

# TABLE OF CONTENTS

**Page**

I. JURISDICTION AND SUMMARY OF RELIEF REQUESTED ...............................3

II. PRELIMINARY STATEMENT AND NEED FOR HEARING ON AN
    EMERGENCY BASIS ........................................................................................3

III. BACKGROUND .....................................................................................................4

    A.    Description of Business.................................................................4

    B.    Recent Financial Results ..............................................................5

    C.    Debt Structure ..............................................................................6

        1.    Credit Cash NJ, LLC ...........................................................6

        2.    Unsecured Debt ...................................................................7

    D.    Equity Interests in the Debtor.......................................................7

    E.    Real Estate Leases and Store Closings ......................................7

    F.    Employees ....................................................................................7

    G.    Assets and Income.......................................................................7

IV. FACTORS PRECIPITATING CHAPTER 11 FILING ...........................................8

V. CASH COLLATERAL BUDGET/FORECAST......................................................9

VI. SCOPE OF REQUEST FOR USE OF CASH COLLATERAL .........................10

VII. ARGUMENTS AND AUTHORITIES .................................................................11

    A.    The Relief Requested is Authorized by 11 U.S.C. § 363 ...................11

    B.    Credit Cash's Interest in Cash Collateral Will Be Adequately
            Protected by a Substantial Equity Cushion, Even If There Is
            Diminution in Cash Collateral Under the Proposed Budget..............13

    C.    Emergency Authority to Use Cash Collateral is Warranted
            Under 11 U.S.C. § 363(c)(3) and Rule 4001(b) to Allow the
            Debtor to Operate its Business. ........................................................15

VIII. THE BANK WITH WHICH THE DEBTOR HAS BANK ACCOUNTS
    MUST HONOR THIS ORDER ...........................................................................16

IX. NOTICE ...............................................................................................................17

X. CONCLUSION......................................................................................................17

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

# TABLE OF AUTHORITIES

**Page**

## CASES

In re Alyucan Interstate Corp,
   12 B.R. 803 (Bankr. D. Utah 1981) ........................................................................ 14

In re Center Wholesale, Inc.,
   759 F.2d 1440, 1449 n. 21 (9th Cir. 1985) ........................................................... 15

In re Mickler,
   9 B.R. 121, 123 (Bankr. M.D. Fla. 1981) .............................................................. 12

United Savings Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd.,
   484 U.S. 365, 108 S. Ct. 626, 98 L. Ed. 2d 740 (1988) .................................. 13, 14

## STATUTES

11 U.S.C. § 1107(a) ................................................................................................ 11

11 U.S.C. § 1108 .................................................................................................... 11

11 U.S.C. § 361 ................................................................................................. 13, 14

11 U.S.C. § 363 ........................................................................................... 11, 12, 13

11 U.S.C. § 363(a) .................................................................................................. 11

11 U.S.C. § 363(c)(1) .............................................................................................. 11

11 U.S.C. § 363(c)(2) .............................................................................................. 11

11 U.S.C. § 363(c)(2)(B) ........................................................................................... 3

11 U.S.C. § 363(c)(3) ........................................................................................... 3, 15

11 U.S.C. § 506(c) ................................................................................................... 12

11 U.S.C. § 522 ....................................................................................................... 12

11 U.S.C. § 544 ....................................................................................................... 12

11 U.S.C. § 545 ....................................................................................................... 12

11 U.S.C. § 547 ....................................................................................................... 12

11 U.S.C. § 548 ....................................................................................................... 12

11 U.S.C. § 552(b) .................................................................................................. 11

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

11 U.S.C. § 552(b)(1) ................................................................................................12

28 U.S.C. § 1334 ........................................................................................................3

28 U.S.C. § 1408 ........................................................................................................3

28 U.S.C. § 1409 ........................................................................................................3

28 U.S.C. § 157 ..........................................................................................................3

28 U.S.C. § 157(b)(2)(A) ...........................................................................................3

28 U.S.C. § 157(b)(2)(A)(O) ......................................................................................3

28 U.S.C. § 157(b)(2)(M) ...........................................................................................3

**RULES**

Fed. R. Bankr. P. 4001(b)(2) .....................................................................................15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

SWERTH\ 703041.3

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1  TO THE HONORABLE MARGARET M. MANN, UNITED STATES

2  BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE,

3  SECURED CREDITORS OF RECORD, THE TWENTY LARGEST UNSECURED

4  CREDITORS, AND INTERESTED PARTIES:

5                                    **EMERGENCY MOTION**

6              Through this Emergency Motion for Interim and Final Orders

7  Authorizing Use of Cash Collateral Pursuant to Section 363(c) of the Bankruptcy

8  Code and Rule 4001(b) of the Federal Rules of Bankruptcy Procedure (the

9  "Motion"), No Fear Retail Stores, Inc. (the "Debtor"), the debtor and debtor in

10 possession in the above-captioned case, seeks the entry of interim and final

11 orders authorizing the Debtor to use cash collateral pursuant to U.S.C.

12 § 363(c)(2)(B) and (c)(3) and Rule 4001(b)(2) of the Federal Rules of Bankruptcy

13 Procedure.  This Motion is brought in accordance with Local Bankruptcy Rule

14 9014-5 and this Court's "Guidelines For First Day Motions" in Appendix D-1 and D-

15 2 to the Local Bankruptcy Rules, as it is a matter which must be addressed

16 immediately in order to ensure the least possible disruption to the debtor's ongoing

17 business operations and thereby enhance the chances for success in chapter 11.

18              This Motion is made and based upon the moving papers, the attached

19 Memorandum of Points and Authorities and the concurrently filed Omnibus

20 Declaration of Mark Simo in support of "First Day" motions (the "Simo Decl."), the

21 arguments and representations of counsel and any oral or documentary evidence

22 presented at the time of the hearing.

23              **WHEREFORE** the Debtor respectfully requests that the Court enter

24 an order:

25              (1)    granting this Motion;

26 / / /

27 / / /

28 / / /

1

1           (2)    authorizing the use of cash collateral pursuant to 11 U.S.C.

2 § 363(c)(2)(B) and (c)(3) and Rule 4001(b)(2) of the Federal Rules of Bankruptcy

3 Procedure; and

4           (3)    granting such other and further relief as this Court deems just

5 and proper under the circumstances.

6 DATED:  February 24, 2011      **Sulmeyer**Kupetz
                                      A Professional Corporation

By: _____
    Steven F. Werth
    (Proposed) Bankruptcy Counsel for No
    Fear Retail Stores, Inc., Debtor and Debtor
    in Possession

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### JURISDICTION AND SUMMARY OF RELIEF REQUESTED

This Court has jurisdiction to consider the foregoing motion (the "Motion") under 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  Pursuant to the Motion, the Debtor seeks authority to use cash collateral to pay its ordinary and necessary operating expenses.  The statutory predicates for the relief requested herein are 11 U.S.C. §§ 363(c)(2)(B) and (c)(3) under which the Debtor seeks authority to use cash collateral.

### II.

### PRELIMINARY STATEMENT AND NEED FOR HEARING
### ON AN EMERGENCY BASIS

The Debtor commenced this case by filing a voluntary chapter 11 petition on February 24, 2011 (the "Petition Date").  The Debtor continues to manage and operate its business as a debtor in possession.  The Debtor seeks authority from the Court to use cash collateral to pay its ordinary and necessary expenses and generally operate its business and meet administrative expenses.  The Debtor's immediate access to cash is absolutely critical to maximizing the value of the estate.  The Debtor currently operates 41 retail stores and requires the use of cash collateral to maintain its operations, pay ordinary operating expenses, and replenish its inventory.  In order to maintain operations without disruption thereby preserving the value of the estate, the Debtor must be permitted to pay in the ordinary course, among others, its employees, landlords, shippers, vendors, utility providers, and suppliers.   As such, a hearing on an emergency basis is required and appropriate.

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1  The only entity with an asserted interest in the Debtor's cash collateral

2  is Credit Cash NJ, LLC ("Credit Cash").  Credit Cash asserts a first priority lien on

3  the Debtor's assets.  As of the Petition Date, Credit Cash asserts a claim against

4  the Debtor in the approximate amount of $1,129,038.

5  As set forth below and in the concurrently-filed Simo Decl., Credit

6  Cash's asserted interest in cash collateral is adequately protected by a substantial

7  equity cushion.  This equity cushion alone provides Credit Cash with adequate

8  protection.  Further, even if this equity cushion was declining, Credit Cash would

9  be adequately protected by a combination of (a) the continued operation of the

10  Debtor's business; and (b) the granting of a replacement lien on post-petition

11  receivables to the extent of any diminution in value of Credit Cash's collateral as a

12  result of the Debtor's use of cash collateral.  The replacement lien would be on all

13  post-petition assets in the same priority and to the same extent and validity as

14  Credit Cash's asserted prepetition security interest.

15  Pending a final hearing on the Motion, the Debtor requests

16  emergency authority to use cash collateral in accordance with the eight-week

17  budget (the "Budget") attached to the Simo Decl. as Exhibit "3".[1]

18  ### III.

19  ### BACKGROUND

20  **A.    Description of Business**

21  The Debtor was incorporated in California on July 25, 2006.  It is a

22  97.75%-owned subsidiary of Simo Holdings, Inc., a California corporation ("Simo")

23

24  ---

25  [1]  The Debtor also requests some flexibility in connection with the Budget - namely, that the Debtor be permitted to exceed the disbursements forecasted in the Budget by up to 15% on a line-by-line basis and to exceed aggregate disbursements forecasted in the Budget by a total of 10%.  The Debtor further requests that the balance of any unspent amounts on a weekly basis carry forward to be available to the Debtor in the following weeks.

26

27

28

1   (Gatorz Inc. has the remaining 2.25% equity interest).  The Debtor shares office

2   space with Simo and its affiliate, No Fear MX, Inc. ("NFMX") in Carlsbad,

3   California.  Both Simo and NFMX also filed bankruptcy petitions on February 24,

4   2011.

5          The Debtor is a retailer of action, sports, and casual youth lifestyle

6   apparel and accessories, targeting young adults and teens.  The Debtor sells a

7   broad range of apparel and accessories, primarily under the "No Fear" and "So

8   Cal" brands including t-shirts, jackets, jeans, shorts, eyewear, bags, and watches,

9   complemented by a selection of video and music, auto and motocross

10  accessories, home décor, bedding, toys and gifts.  In addition to its own brands,

11  the Debtor's stores sell apparel and accessories consistent with the Debtor's

12  lifestyle focus from leading third party vendors.  As of the Petition Date, the Debtor

13  operated 41 retail stores in 7 states, primarily in the southwestern United States.

14         The Debtor owns the "No Fear" trademark which it obtained from

15  Simo on September 1, 2008, together with associated copyrighted designs, and

16  assigned certain license contract rights related to "No Fear."  The "No Fear" brand

17  has been in continuous use (either by the Debtor or by Simo) for over 20 years

18  and has become synonymous with an attitude of irreverent and spirited

19  engagement.  The Debtor's products primarily target young adults and teens

20  seeking an action sports inspired lifestyle.  Unlike a number of retailers and

21  apparel brands that target the major board sports (surfing, skateboarding and

22  snowboarding), the "No Fear" brand was founded in motocross and freestyle

23  motocross and has maintained an intimate and continuous involvement in these

24  and other major motosports.

25      **B.    Recent Financial Results**

26         The Debtor generated total revenues of approximately $40 million for

27  its fiscal year ended 2008.  For its fiscal year ended 2009, the Debtor generated

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

5

total revenues of approximately $39 million. For its fiscal year ended 2010, the Debtor generated total revenues of approximately $37,444,529.

### C.    Debt Structure

#### 1.    Credit Cash NJ, LLC

The Debtor sells products to customers through cash, credit card and check transactions. Credit card transactions are processed by a third party credit card processor, which remits the proceeds to No Fear Retail after deducting a processing fee.

In November 2009, the Debtor entered into a credit card receivables financing arrangement with Credit Cash NJ, LLC ("Credit Cash"). Under this arrangement, Credit Cash makes loans to the Debtor, secured by a first lien on all assets of the Debtor and repaid through deductions from the Debtor's daily credit card receipts.

Specifically, the arrangement works as follows: Credit Cash makes periodic loans to the Debtor of $500,000 and charges a fee of $70,000 for each loan. Repayment of each loan and fee ($570,000 in total) is made in payments of $2,192.31 each business day ($4,384.62 on the day after federal holidays). These daily payments are effected via a Debtor account at Signature Bank (Account No. 1501216522, the ("Control Account"), controlled by Credit Cash, to which all credit card receipts are transferred by the Debtor's credit card processor, Paymentech, L.P. After Credit Cash has pulled its daily fee from the Control Account, any remaining funds in the account are disbursed to the Debtor's account with City National Bank.

The Debtor took $500,000 loans from Credit Cash in November and December of 2009 and July, November and December of 2010. Prior to the Petition Date, Credit Cash pulled $6,576.93 from the Control Account each business day. As of the Petition Date, the Debtor owed Credit Cash approximately $1,129,038.

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

6

1  Credit Cash asserts a security interest in certain of the Debtor's

2  assets as well as the assets of NFMX. Credit Cash's collateral is significant. As

3  detailed in the Simo Decl., the Debtor estimates that its assets have a value in

4  excess of $27 million.

5  **2.    Unsecured Debt**

6  As of the Petition Date, the Debtor has estimated unsecured debt in

7  the approximate amount of $8 million, primarily owed to landlords, trade vendors,

8  suppliers, shippers, and other service providers.

9  **D.    Equity Interests in the Debtor**

10  The Debtor's equity interests are: Simo, 97.75% (39,100,000 shares),

11  Gatorz Inc. 2.25% (900,000 shares)

12  **E.    Real Estate Leases and Store Closings**

13  As stated above, the Debtor currently operates 41 retail stores. The

14  Debtor does not own any real property. All of the Debtor's retail locations are

15  leased. Leases typically range in length from 1 to 10 years with a majority of

16  Debtor's leases containing provisions that allow the Debtor to exit the lease with

17  no penalty if certain sales targets are not met. Attached hereto as **Exhibit "1"** and

18  incorporated herein by this reference is a list of the Debtor's leased locations.

19  **F.    Employees**

20  As of the Petition Date, the Debtor has approximately 374 employees.

21  NFMX employs 3 employees. Simo does not have any employees.

22  **G.    Assets and Income**

23  As of the Petition Date, NFRS assets have an estimated value of

24  $27,000,000. This consists of approximately $260,000 in cash, $5 million in

25  inventory, $500,000 in non-intercompany accounts receivable, $700,000 in fixed

26  assets, $90,000 in deposits, and approximately $20,000,000 in intellectual

27  property. Simo Holdings transferred the "No Fear" trademark to NFRS in

28  September 2008.

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1  NFRS's income on a weekly basis is approximately $500,000 to

2  $600,000.  Post-petition, NFRS will have administrative expenses of

3  approximately that amount, which fluctuates depending on whether payroll and

4  rent must be paid in that week.

5  IV.

6  **FACTORS PRECIPITATING CHAPTER 11 FILING**

7  As a consumer business selling discretionary items, the Debtor has

8  been negatively impacted by the recession that hit the United States starting in

9  late 2007.  The Debtor has been disproportionately impacted by the downturn in

10  consumer spending given (i) the discretionary nature of its products, (ii) its target

11  customer and (iii) its geographic concentration.  The Debtor's business consists of

12  the sale of items which are discretionary purchases for consumers who have been

13  disproportionately impacted by the downturn in consumer spending.  The Debtor

14  has traditionally targeted "blue collar" customers, who have been severely hurt by

15  the housing and labor crises.  Further, the Debtor's retail stores are concentrated

16  in California, Arizona and Nevada, three of the hardest hit areas in the United

17  States.

18  As a result of these factors, the Debtor has experienced declining

19  comparable store sales and declining overall sales for the last three years.  Sales

20  declined approximately 20% in the Debtor's fourth fiscal quarter compared to the

21  fourth quarter of 2009 and same store sales were down approximately 12.0% in

22  fiscal 2010.  As a retailer, the Debtor is bound by a number of long term leases

23  with landlords who have generally been unwilling to renegotiate the Debtor's

24  leases to reflect the current state of the Debtor's business.

25  The Debtor is also burdened by a significant amount of expenses as a

26  result of a failed attempt in 2009 and 2010 to raise capital via a proposed reverse

27  merger with Gatorz Inc.  The Debtor incurred approximately $1,000,000 in

28  professional fees including legal and accounting fees in order to execute a public

8

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1  financing which ultimately failed.  Finally, the Debtor attempted but has been

2  unable to secure third party inventory for its retail stores due to its lack of

3  financing.  Lack of third party inventory, which serves as the primary traffic driver

4  in the Debtor's stores, has created a negative downward spiral – the lack of

5  inventory has impaired store sales, which has further impacted cash flow, which,

6  in turn, has further impaired the Debtor's ability to secure third party inventory.

7        Having been unable to renegotiate leases with landlords, the Debtor

8  has already closed a number of unprofitable stores in an attempt to mitigate its

9  losses.  The Debtor anticipates continuing to attempt to secure third party

10  financing, while pursuing a reorganization that likely would result in a smaller store

11  base, a reduction in corporate overhead, and a focus on licensing of the Debtor's

12  established brands in order to create a smaller, profitable entity going forward.

13        **V.**

14        **CASH COLLATERAL BUDGET/FORECAST**

15        Attached to the Simo Decl. as Exhibit "3" is the Debtor's proposed

16  cash collateral operating budget for the next eight-week period (the "Budget"),

17  which was prepared by the Debtor.  *See* Simo Decl.  The Budget, which is

18  conservative, shows that the Debtor can pay its expenses without additional

19  financing from a third party.  Even so, the Debtor is currently in discussions with

20  third parties regarding post-petition financing, and the Debtor hopes to reach an

21  agreement on that within the next eight weeks.  The Debtor's business is a

22  seasonal one, and the Debtor is currently in a traditionally slow period.

23        The Debtor has eliminated unnecessary expenses, and the Budget

24  takes into account the Debtor's cost-cutting measures.  All payments described in

25  the Budget are necessary to maintain and continue the Debtor's operations, fund

26  administrative expenses, and allow the Debtor to move forward with its effort to

27  obtain post-petition financing to maximize the value of the Debtor's estate.  Failure

28  to make payment in accordance with the Budget could result in immediate and

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1  irreparable harm to the Debtor's operations, the value of the estate, and the
2  interests of creditors.

3                                    VI.

4            **SCOPE OF REQUEST FOR USE OF CASH COLLATERAL**

5            The Debtor requests (i) pending a final hearing, emergency authority
6  to use cash collateral to satisfy administrative expenses (including the payment of
7  rents to real property lessors, and pre- and postpetition wages, salaries) in
8  accordance with the Budget and (ii) at the final hearing, final authority to use cash
9  collateral through a final hearing to be set not less than 15 days after the interim
10  hearing. See Budget attached to the Simo Decl. as Exhibit "3" and proposed
11  Order attached hereto as **Exhibit "2".**

12            The Debtor further requests that this Court order that Credit Cash
13  may not exercise control over the Control Account post-petition. Prior to the
14  Petition Date, Credit Cash pulled $6,576.93 from the Control Account each
15  business day, and The Debtor requests that the Court preclude Credit Cash from
16  continuing this practice. To the extent Credit Cash is not adequately protected by
17  an equity cushion in the Debtor's assets, the Debtor will grant Credit Cash a
18  replacement lien in new collateral generated by ongoing operations, to the extent
19  there is any diminution in value of Credit Cash's interest in cash collateral.

20            The terms of the proposed interim Order are appropriate and do not
21  include any provisions inappropriate for an interim agreement as described in the
22  Local Bankruptcy Rules of the Southern District of California. Specifically, the
23  proposed Order does not contain any of the provisions which this Court requires
24  moving parties to direct the Court's attention to, as specified in the "Guidelines for
25  Motions To Use Cash Collateral Or To Obtain Credit", which is Appendix D2 to the
26  Local Rules of the United States Bankruptcy Court for the Southern District of
27  California.

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

## VII.

## ARGUMENTS AND AUTHORITIES

### A.    The Relief Requested is Authorized by 11 U.S.C. § 363

Section 363 of the Bankruptcy Code governs the Debtor's use of property of its estate.  Section 363(c)(1) provides in pertinent part that:

> If the business of the debtor is authorized to be operated under section . . . 1108 . . . and unless the court orders otherwise, the trustee may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing.

11 U.S.C. § 363(c)(1).

A debtor in possession has all the rights and powers of a trustee with respect to property of the estate, including the right to use property of the estate in compliance with section 363 of the Code.  11 U.S.C. § 1107(a).  Section § 363(c)(2) establishes a special requirement with respect to "cash collateral", by providing that the trustee or debtor in possession may not use, sell or lease "cash collateral" under subsection (c)(1) unless (i) such entity that has an interest in such collateral consents, or (ii) the court, after notice and a hearing, authorizes such use, sale or lease.

"Cash collateral" is defined by the Code as follows:

> [C]ash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest and includes the proceeds, products, offspring, rents, or profits of property subject to a security interest as provided in section 552(b) of this title, whether existing before or after the commencement of a case under this title.

11 U.S.C. § 363(a).

The definition of "cash collateral" set forth in section 363(a) refers to section 552(b) of the Code, which provides:

11

> Except as provided in sections 363, 506(c), 522, 544, 545, 547 and 548 of this title, if the debtor and an entity entered into a security agreement before the commencement of the case and if the security interest created by such security agreement extends to property of the debtor acquired before the commencement of the case and to proceeds, products, offspring, rents, or profits of such property, then such security interest extends to such proceeds, products, offspring, rents or profits acquired by the estate after the commencement of the case to the extent provided by such security agreement and by applicable non-bankruptcy law, except to the extent that the court, after notice and a hearing and based on the equities of the case, orders otherwise.

11 U.S.C. § 552(b)(1).

It is universally acknowledged that the debtor's cash "is the life blood of the business" and the bankruptcy court must assure that such life's blood "is available for use even if to a limited extent". In re Mickler, 9 B.R. 121, 123 (Bankr. M.D. Fla. 1981). Courts typically authorize a debtor to use cash collateral to continue its operations so long as the interests asserted by affected creditors in such cash are adequately protected.

As this Motion establishes, the standards for authorizing the Debtor to utilize cash collateral are satisfied in this case because (i) there is a sufficient equity cushion protecting Credit Cash's interest (this alone provides more than sufficient basis for authorization of the requested use of cash collateral); (ii) the Debtor's ongoing business operations will adequately protect and preserve the value of Credit Cash's cash collateral, and (iii) Credit Cash will be further adequately protected by the grant of replacement liens on post-petition inventory, fixture, furniture, equipment, accounts receivable and proceeds to the extent of any diminution in the value of Credit Cash's interest in cash collateral.

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

**B.    Credit Cash's Interest in Cash Collateral Will Be**

**Adequately Protected by a Substantial Equity Cushion,**

**Even If There Is Diminution in Cash Collateral**

**Under the Proposed Budget**

As noted above, a debtor's authority to use cash collateral is typically conditioned on providing "adequate protection" to entities that assert an interest in such cash.  11 U.S.C. § 361.  Although the term "adequate protection" is not defined in the Bankruptcy Code, Section 361 provides the following three non-exclusive examples of what may constitute adequate protection:

> (1)    requiring the trustee to make a cash payment or periodic cash payments to such entity, to the extent that the . . . use . . . under section 363 of this title . . . results in a decrease in the value of such entity's interest in such property.
>
> (2)    providing to such entity an additional or replacement lien to the extent that such . . . use . . . results in a decrease in the value of such entity's interest in such property; or
>
> (3)    granting such other relief . . . as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property.

Neither section 361 nor any other provision of the Code defines the nature and extent of "interest in property" of which a secured creditor is entitled to adequate protection under section 363.  However, the statute plainly provides that a qualifying interest demands protection only to the extent that the use of the creditor's collateral will result in a decrease in "the value of such entity's interest in such property".  United Savings Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd., 484 U.S. 365, 108 S. Ct. 626, 98 L. Ed. 2d 740 (1988).

Timbers teaches that a secured creditor is entitled to "adequate protection" only against the diminution in value of the collateral securing its allowed secured claim.  Where Credit Cash has a secured claim of only $1,129,038, which is secured by assets with a value of approximately $27 million,

13

1   it follows that Credit Cash's interest in cash collateral is adequately protected.

2   Moreover, separate and independent of any question of diminution in value, a

3   secured creditor has no right to preservation of the equity cushion in its collateral.

4   The Supreme Court in <u>Timbers</u> determined that the property interest the Debtor

5   must adequately protect is the lien that secures the creditor's claim.   <u>Timbers</u>, 108

6   S. Ct. at 630.  Further, the value of the lien may not exceed the allowed amount of

7   the secured claim.   Accordingly, the property interest of an oversecured creditor

8   (Credit Cash, in this case) that the Debtor must adequately protect, namely the

9   lien value, is the allowed amount of the secured claim and does not include the

10  equity cushion.  In <u>In re Alyucan Interstate Corp</u>, 12 B.R. 803 (Bankr. D. Utah

11  1981), the court ruled that an equity cushion is not a requirement of adequate

12  protection because a secured creditor is only entitled to protection against a

13  decline in the value of its lien.  Accordingly, the existence of an equity cushion (the

14  value of the property above the lien) is not a necessary component of adequate

15  protection.  The court reasoned that section 361 speaks not in terms of preserving

16  equity, but in terms of compensating for any "decrease in the value of [an] interest

17  in property".  <u>Id.</u>, at 803.  The Supreme Court's decision in *Timbers* confirms the

18  interpretation of section 361.

19

20

21

22

23

24

25

26

27

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

14

C.   **Emergency Authority to Use Cash Collateral is Warranted Under 11 U.S.C. § 363(c)(3) and Rule 4001(b) to Allow the Debtor to Operate its Business.**

The Debtor has requested an emergency hearing to consider the relief requested in this Motion.  Section 363(c)(3) and Rule 4001(b)(2) require the Court to schedule a cash collateral hearing in accordance with the needs of the debtor and conduct a preliminary hearing for the purpose of authorizing the use of cash collateral to the extent necessary to avoid irreparable harm to the Debtor. Section 363(c)(3) mandates that "[a]ny hearing [on the use of cash collateral] . . . shall be scheduled in accordance with the needs of the debtor".  The Ninth Circuit has recognized that emergency relief is often crucial to the success of a corporate reorganization:

> We realize that "in certain circumstances, the entire reorganization effort may be thwarted if emergency relief is withheld" and that reorganization under the Bankruptcy Code "is a perilous process, seldom more so than at the outset of the proceedings when the debtor is often without sufficient cash flow to fund essential business operations".  It is for this very reason that Congress specified that hearings concerning the use of cash collateral "shall be scheduled in accordance with the needs of the debtor".  11 U.S.C. § 363(c)(3).

In re Center Wholesale, Inc., 759 F.2d 1440, 1449 n. 21 (9th Cir. 1985) (citations omitted).

In the present case, emergency use of cash collateral by the Debtor, pending a final hearing, is necessary to prevent immediate and irreparable harm to the Debtor and its creditors.  Absent such use, the Debtor will have little or no funds from which to conduct its operations, and may be forced to permanently discontinue its business to the detriment of all creditors.

As such, the Debtor requests that the Court permit the Debtor to use cash collateral to the extent necessary to avoid irreparable harm pending a final hearing in accordance with the Budget and the Order, schedule a final hearing on this Motion under Rule 4001(b)(2), following the final hearing authorizing the

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1  Debtor to use cash collateral in order to pay its ordinary and necessary operating

2  expenses and generally operate its business in accordance with the Budget.

3       The Debtor further requests that this Court order that Credit Cash

4  may not exercise control over the Control Account post-petition.  To the extent

5  Credit Cash is not adequately protected by an equity cushion in the Debtor's

6  assets, the Debtor will grant Credit Cash a replacement lien in new collateral

7  generated by ongoing operations, to the extent there is any diminution in value of

8  Credit Cash's equity interest.

9                              VIII.

10             **THE BANK WITH WHICH THE DEBTOR HAS**

11             **BANK ACCOUNTS MUST HONOR THIS ORDER**

12       The Debtor has depository accounts with Signature Bank and City

13  National Bank.[2]  In order to give effect to this Court's order authorizing the

14  Debtor's Use of Cash Collateral pursuant to this Motion, it is necessary that the

15  Court direct Signature Bank and City National Bank to comply with the order, and

16  abide by requests for use of funds by the Debtor.  Also as discussed above, it is

17  necessary that the Court direct Credit Cash to comply with the order with respect

18  to the Control Account.  The Court may issue such an order pursuant to section

19  105 of the Bankruptcy Code, which authorizes the Court to issue "any order,

20  process, or judgment that is necessary or appropriate to carry out the provisions of

21  this title".

22  _____

23  [2]  Concurrently herewith, the Debtor has filed its First Day Motion for Order Authorizing
24  Debtor to Maintain Certain Active Bank Accounts and Cash Management System, as
    Modified, and Continue Use of its Existing Business Forms (the "Cash Management
25  Motion").  The Cash Management Motion contains a more detailed discussion of the
    Depository Account.  In general, the Debtor requests authority to continue its existing
26  cash management/banking system as described above, with the modification that
    Signature Bank be precluded from asserting control over or otherwise sweeping (or
27  transferring in any manner) funds from the Debtor's accounts for any purpose.

28

IX.

## NOTICE

The Debtor intends to provide notice of this Motion by overnight mail, e-mail, facsimile, or hand delivery on (i) the Office of the United States Trustee, (ii) the twenty largest unsecured creditors, (iii) Credit Cash, (iv) Signature Bank, (v) City National Bank, and (vi) any party requesting special notice.

X.

## CONCLUSION

Based on the foregoing, the Debtor respectfully requests that the Motion be granted, that the proposed Order be entered, and that this Court grant such other and further relief as the Court deems just and proper.

DATED:  February 24, 2011                 **Sulmeyer**Kupetz
                                          A Professional Corporation


                                          By: _____
                                              Steven F. Werth
                                              (Proposed) Bankruptcy Counsel for No
                                              Fear Retail Stores, Inc., Debtor and Debtor
                                              in Possession

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

# EXHIBIT "1"

| State | City | Mall name and address | Status | Landlord (legal) | Landlord Notice Address | Monthly rent |
|---|---|---|---|---|---|---|
| Arizona | Glendale | Arrowhead Towne Center; 7700 West Arrowhead Towne Center; Glendale, Arizona 85308 | open | New River Associates | New River Associates; 7700 West Arrowhead Towne Center; Glendale, AZ 85308; Attention: Center Manager | $12,344.81 |
| Arizona | Chandler | Chandler Fashion Center; 3111 West Chandler Boulevard; Chandler, Arizona 85226 | open | TWC Chandler, L.L.C. | TWC Chandler, L.L.C.; 3111 West Chandler Boulevard, Suite No. 2142; Chandler, Arizona 85226 | $13,379.96 |
| Arizona | Phoenix | Desert Ridge Marketplace; 21001 North Tatum Boulevard; Phoenix, Arizona 85050 | open | Vestar DRM-OPCO, L.L.C. | Vestar DRM-OPCO, L.L.C.; c/o Vestar Development Co.; 2425 East Camelback Road, Suite 750; Phoenix, Arizona 85016 | $6,744.69 |
| Arizona | Mesa | Superstition Springs Center; 6555 East Southern Avenue; Mesa, Arizona 85206 | open | East Mesa Mall, L.L.C. | East Mesa Mall, L.L.C.; 6555 East Southern Avenue; Mesa, Arizona 85206; Attention: Center Manager | $10,165.11 |
| Arizona | Phoenix | MetroCenter; 9617 North Metro Parkway West; Phoenix, Arizona 85051 | closed 1/25 | Metrorising AMS Owner LLC | DVM CO; c/o M.S. Management Associates Inc.; National City Center; 115 West Washington; Indianapolis, Indiana 46204 | $6,918.75 |
| Arizona | Tempe | Tempe Marketplace; 2000 East Rio Salado Parkway; Tempe, Arizona 85281 | closed 1/27 | Vestar TM-OPCO, L.L.C. | Vestar TM-OPCO, L.L.C.; c/o Vestar Development Co.; 2425 East Camelback Road, Suite 750; Phoenix, Arizona 85016; Attention: President | $7,724.49 |
| Arizona | Tucson | Tucson Mall; 4500 North Oracle Road; Tucson, Arizona 85705 | open | GGP-Tucson Mall L.L.C. | GGP-Tucson Mall L.L.C.; 4500 North Oracle Road; Tucson, Arizona 85705 | $7,143.21 |
| California | Bakersfield | Valley Plaza Mall; 2701 Ming Avenue; Bakersfield, California 93304 | open | Bakersfield Mall L.L.C. | Valley Plaza Mall; c/o Bakersfield Mall L.L.C.; 110 N. Wacker Dr.; Chicago, IL 60606; Attn: Law/Lease Administration Department | $12,323.63 |

| | | | | | | |
|---|---|---|---|---|---|---|
| California | Brentwood | The Streets of Brentwood; 2565 Sand Creek Road; Brentwood, California 94513 | open | Brentwood Specialty Center, LLC | Brentwood Specialty Center, LLC; c/o Continental Real Estate Companies; 150 East Broad Street, Suite 800; Columbus, Ohio 43215 | $8,366.56 |
| California | Chico | Chico Mall; 1950 East 20th Street; Chico, California 95928 | open | Chico Mall, L.P. | Chico Mall; c/o Chico Mall, L.P.; 110 N. Wacker Dr.; Chicago, IL 60606; Attn: Law/Lease Administration Department | $9,962.81 |
| California | El Cajon | Westfield Parkway Shopping Center; 415 Parkway Plaza; El Cajon, California 92020 | open | Parkway Plaza LP | Parkway Plaza LP; 11601 Wilshire Boulevard, 11th Floor; Los Angeles, California 90025; Attention: Legal Department | $10,281.15 |
| California | El Centro | Imperial Valley Mall; 3451 South Dogwood Avenue; El Centro, California 92243 | open | Imperial Valley Mall, LP | CBL & Associates Management, Inc.; CBL Center, Suite 500; 2030 Hamilton Place Boulevard; Chattanooga, Tennessee 37421-6000 | $6,884.85 |
| California | Escondido | Westfield North County Shopping Center; 272 East Via Rancho Parkway; Escondido, California 92025 | open | EWH Escondido Associates, L.P. | EWH Escondido Associates, L.P.; 11601 Wilshire Boulevard, 12th Floor; Los Angeles, California 90025; Attention: Legal Department | $8,997.25 |
| California | Fresno | Fashion Fair; 4841 North First Street; Fresno, California 93726 | open | Macerich Fresno Limited Partnership | Macerich Fresno Limited Partnership; 4841 North First Street; Fresno, California 93726; Attention: Center Manager | $13,131.99 |
| California | Gilroy | 8687 San Ysidro Avenue; Gilroy, California 95020 | open | Mortgage Investors LLC | Morthage Investors IV, LLC; c/o Premier Properties; 172 University Avenue; Palo Alto, California 94301 | $5,018.00 |
| California | Irvine | Irvine Spectrum Center; 71 Fortune Drive; Irvine, California 92618 | closed 2/1 | The Irvine Company LLC | Attn: General Counsel, Retail Properties; The Irvine Company LLC; 100 Innovation; Irvine, California 92617 | $12,252.42 |
| California | Modesto | Vintage Faire Mall; 3401 Dale Road; Modesto, California 95356 | open | Macerich Vintage Faire Limited Partnership | Macerich Vintage Faire Limited Partnership; Suite 483; 3401 Dale Road; Modesto, California 95356; Attention: Center Manager | $14,236.23 |

| | | | | | | |
|---|---|---|---|---|---|---|
| California | Montclair | Montclair Plaza; 5060 East Montclair Plaza Lane; Montclair, California 91763 | open | Montclair Plaza, L.L.C. | Montclair Plaza; c/o Montclair Plaza, L.L.C.; 110 N. Wacker Dr.; Chicago, IL 60606; Attn: Law/Lease Administration Department | $10,458.78 |
| California | Northridge | Northridge Fashion Center; 9301 Tampa Avenue; Northridge, California 91324 | closed | GGP Northridge Fashion Center, LP | Northridge Fashion Center; c/o GGP Northridge Fashion Center, LP; 110 N. Wacker Dr.; Chicago, IL 60606; Attn: Law/Lease Administration Department | $2,000.00 |
| California | Orange | The Block at Orange; 20 City Boulevard West; Orange, California 92868 | open | Orange City Mills Limited Partnership | Orange City Mills Limited Partnership; c/o The Mills Corporation; 1300 Wilson Boulevard, Suite 400; Arlington, Virginia 22209; Attention: General Counsel | $11,572.04 |
| California | Palm Desert | Westfield Palm Desert Shopping Center; 72-840 Highway 111; Palm Desert, California 92260 | open | WEA Palm Desert LP | WEA Palm Desert LP; 11601 Wilshire Boulevard, 12th Floor; Los Angeles, California 90025; Attention: Legal Department | $8,972.09 |
| California | Palmdale | Antelope Valley Mall; 1233 Rancho Vista Boulevard; Palmdale, California 93551 | open | Antelope Valley Mall Developers Ltd. | Antelope Valley Mall Developers Ltd.; Terminal Tower; 50 Public Square, Suite 1100; Cleveland, Ohio 44113-2267 | $6,892.42 |
| California | National City | Westfield Plaza Bonita Shopping Center; 3030 Plaza Bonita Road; National City, California 91950 | open | Plaza Bonita LP | Plaza Bonita LP; 11601 Wilshire Boulevard, 11th Floor; Los Angeles, California 90025; Attention: Legal Department | $10,771.95 |
| California | Carlsbad | Westfield Plaza Camino Real Shopping Center; 2525 El Camino Real; Carlsbad, California 92008 | open | Plaza Camino Real | Plaza Camino Real; 11601 Wilshire Boulevard, 11th Floor; Los Angeles, California 90025; Attention: Legal Department | $8,031.94 |
| California | Pleasanton | Stoneridge Shopping Center; One Stoneridge Mall; Pleasanton, California 94588 | closed 1/30 | Stoneridge Properties LLC | Stoneridge Properties LLC; c/o M.S. Management Associates Inc.; 225 West Washington Street; Indianapolis, Indiana 46204-3438 | $8,042.66 |
| California | Redding | Mt. Shasta Mall; 900 Dana Drive; Redding, California 96003 | open (month-to-month) | Mt. Shasta Mall, LLC | Mt. Shasta Mall; 900 Dana Drive; Redding, California 96003 | $3,450.00 |

2/17/2011

| | | | | | |
|---|---|---|---|---|---|
| California | Riverside | Galleria at Tyler; 1299 Galleria at Tyler; Riverside, California 92503 | open (month-to-month pending execution of extension to 12/31/11) | Tyler Mall Limited Partnership | OTR; 275 East Broad Street; Columbus, Ohio 43215; Attn: Manager, Real Estate | $10,204.83 |
| California | Roseville | Westfield Galleria at Roseville; 1151 Galleria Boulevard; Roseville, California 95678 | closed (due to mall fire) | Roseville Shoppington LLC | Roseville Shoppington LLC; 11601 Wilshire Boulevard, 11th Floor; Los Angeles, California 90025; Attention: Legal Department | $10,033.93 |
| California | Salinas | Northridge Mall; 796 Northridge Mall; Salinas, California 93906 | open | Macerich Bristol Associates and Northridge Fashion Center LLC | Macerich Bristol Associates and Northridge Fashion Center LLC; 796 Northridge Mall; Salinas, California 93906; Attention: Center Manager | $5,236.35 |
| California | San Bernardino | Inland Center; 500 Inland Center Drive; San Bernardino, California 92408 | closed 2/2 | WM Inland Investors IV, LLC | WM Inland Investors IV, LLC; 500 Inland Center Drive; San Bernardino, California 92408; Attention: Center Manager | $10,659.72 |
| California | San Jose | Westfield Oakridge Shopping Center; 925 Blossom Hill Road; San Jose, California 95123-1294 | closed 1/31 | Oakridge Mall LP | Oakridge Mall LP; 11601 Wilshire Boulevard, 12th Floor; Los Angeles, California 90025; Attention: Legal Department | $8,332.33 |
| California | Arcadia | Westfield Santa Anita Shopping Center; 400 South Baldwin Avenue; Arcadia, California 91007 | closed 2/8 | Santa Anita Shoppingtown LP | Santa Anita Shoppingtown LP; 11601 Wilshire Boulevard, 11th Floor; Los Angeles, California 90025; Attention: Legal Department | $9,079.17 |
| California | Santa Rosa | Santa Rosa Plaza; 1071 Santa Rosa Plaza; Santa Rosa, California 95401 | open | EMI Santa Rosa Limited Partnership | EMI Santa Rosa Limited Partnership; c/o M.S. Management Associates Inc.; 225 West Washington Street; Indianapolis, Indiana 46204-3438 | $5,750.00 |
| California | Simi Valley | Simi Valley Town Center; 1555 Simi Town Center Way; Simi Valley, California 93065 | closed 1/29 (lease expiration 3/9/11, kick-out) | Simi Valley Mall LLC | Forest City Commercial Group, Inc.; Terminal Tower; 50 Public Square, Suite 1100; Cleveland, Ohio 44113-2267 | $10,293.26 |
| California | Temecula | Promenade Temecula; 40820 Winchester Road; Temecula, California 92591 | open | Temecula Towne Center Associates L.P. | Temecula Towne Center Associates L.P.; Terminal Tower; 50 Public Square, Suite 1360; Cleveland, Ohio 44113-2267 | $8,138.94 |

2/17/2011

| | | | | | | |
|---|---|---|---|---|---|---|
| California | Thousand Oaks | The Oaks; 350 Hillcrest Drive; Thousand Oaks, California 91360 | closed 1/25 | Macerich Oaks LLC | Macerich Oaks LLC; Management Office; 350 West Hillcrest Drive; Thousand Oaks, California 91360; Attention: Center Manager | $6,037.00 |
| California | Valencia | Westfield Valencia Towne Center Shopping Center; 24201 West Valencia Boulevard; Valencia, California 91355 | open | Valencia Towne Center Associates, L.P. | Urban Retail Properties Co.; 900 North Michigan Avenue; Chicago, Illinois 60611; Attn: Director of Lease Administration | $10,066.32 |
| California | Ventura | Pacific View; 3301-1 East Main Street; Ventura, California 93003 | open | Macerich Buenaventura Limited Partnership | Macerich Buenaventura Limited Partnership; 3301-1 East Main Street; Ventura, California 93003; Attention: Center Manager | $13,017.54 |
| California | Victorville | The Mall of Victor Valley; 14400 Bear Valley Road; Victorville, California 92392 | open | Macerich Victor Valley LLC | Macerich Victor Valley LLC; Suite 735; 14440 Bear Valley Road; Victorville, California 92392; Attention: Center Manager | $12,275.03 |
| California | Visalia | Visalia Mall; 2031 South Mooney Boulevard; Visalia, California 93277 | open | Visalia Mall, L.P. | Visalia Mall, L.P.; 110 N. Wacker Dr.; Chicago, IL 60606; Attn: Law/Lease Administration Department | $8,694.96 |
| California | West Covina | Westfield West Covina Shopping Center; 112 Plaza Drive; West Covina, California 91790 | closed 2/7 | Plaza West Covina LP | Plaza West Covina LP.; 11601 Wilshire Boulevard, 12th Floor; Los Angeles, California 90025; Attention: Legal Department | $10,640.32 |
| Florida | Altamonte Springs | Altamonte Mall; 451 East Altamonte Drive; Altamonte Springs, Florida 32701 | open | Altamonte Mall Venture | Altamonte Mall; c/o Altamonte Mall Venture; 110 N. Wacker Dr.; Chicago, IL 60606; Attn: Law/Lease Administration Department | $6,000.00 |
| Florida | Daytona | Volusia Mall; 1700 West International Speedway Boulevard; Daytona Beach, Florida 32114 | open | Volusia Mall, LLC | CBL & Associates Management, Inc.; CBL Center, Suite 500; 2030 Hamilton Place Boulevard; Chattanooga, Tennessee 37421-6000 | $4,792.50 |
| Florida | Lakeland | Lakeland Square; 3800 US Highway 98 North; Lakeland, Florida 33809 | closed 1/29 | GGP-Lakeland, Inc. | Lakeland Square, c/o GGP-Lakeland, Inc.; 110 N. Wacker Dr.; Chicago, IL 60606; Attn: Law/Lease Administration Department | $1,044.00 |

| | | | | | |
|---|---|---|---|---|---|
| Nevada | Las Vegas | Fashion Show; 3200 Las Vegas Boulevard South; Las Vegas, Nevada 89109-2692 | open | Fashion Show Expansion LLC | Fashion Show Expansion LLC; Attention: General Counsel; c/o The Rouse Company; 10275 Little Patuxent Parkway; Columbia, Maryland 21044 | $3,661.25 |
| Nevada | Henderson | The Galleria at Sunset; 1300 West Sunset Road; Henderson, Nevada 89014 | open | BPC Henderson LLC | BPC Henderson LLC; Terminal Tower; 50 Public Square, Suite 1360; Cleveland, Ohio 44113-2267 | $9,884.85 |
| Nevada | Meadowood | Meadowood Mall; 5000 Meadowood Mall Circle; Reno, Nevada 89502 | open | Meadowood Mall LLC | Meadowood Mall LLC; c/o M.S. Management Associates Inc.; 225 West Washington Street; Indianapolis, Indiana 46204-3438 | $6,948.57 |
| Nevada | Las Vegas | Meadows Mall; 4300 Meadows Lane; Las Vegas, Nevada 89107 | open (month-to-month pending execution of extension to 12/31/11) | GGP Meadows Mall L.L.C. | Meadows Mall; c/o GGP Meadows Mall L.L.C.; 110 N. Wacker Dr.; Chicago, IL 60606; Attn: Law/Lease Administration Department | $13,977.69 |
| North Carolina | Concord | Concord Mills Mall; 8111 Concord Mills Boulevard; Concord, North Carolina 28027 | open | Concord Mills Mall Limited Partnership | Concord Mills Mall Limited Partnership; c/o M.S. Management Associates Inc.; 225 West Washington Street; Indianapolis, Indiana 46204-3438 | $9,625.07 |
| North Carolina | Wilmington | Independence Mall; 3500 Oleander Drive; Wilmington, North Carolina 28403 | open (month-to-month, pending execution of extension through 12/31/11) | Centro Independence LLC | Centro Independence LLC; 3500 Oleander Drive; Wilmington, North Carolina 28403 | $6,688.62 |
| Oregon | Medford | Rogue Valley Mall; 1600 North Riverside Avenue; Medford, Oregon 97501 | open (month-to-month) | Rogue Valley Mall L.L.C. | Rogue Valley Mall L.L.C.; 1600 North Riverside Drive; Medford, Oregon 97501 | $3,668.00 |
| Texas | Arlington | The Parks at Arlington; 3811 South Cooper Street; Arlington, Texas 76015 | open | Parks at Arlington, LLC | The Parks at Arlington; c/o Parks at Arlington, LLC; 110 N. Wacker Dr.; Chicago, IL 60606; Attn: Law/Lease Administration Department | $8,404.71 |
| Texas | Mesquite | Town East Mall; 2063 Town East Mall; Mesquite, Texas 75150 | open | Town East Mall, LLC | Town East Mall; c/o Town East Mall, LLC; 110 N. Wacker Dr.; Chicago, IL 60606; Attn: Law/Lease Administration Department | $9,170.62 |

2/17/2011

**EXHIBIT "2"**

CSD 1001A [11/15/04]
Name, Address, Telephone No. & I.D. No.
David S. Kupetz (CA Bar No. 125062)
  dkupetz@sulmeyerlaw.com
Steven F. Werth (CA Bar No. 205434)
  swerth@sulmeyerlaw.com
**Sulmeyer**Kupetz
A Professional Corporation
333 South Hope Street, Thirty-Fifth Floor
Los Angeles, California  90071-1406
Telephone: 213.626.2311
Facsimile:  213.629.4520

---

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

| | |
|---|---|
| In Re.<br><br>NO FEAR RETAIL STORES, INC., a California corporation,<br><br>Debtor. | BANKRUPTCY NO. 11-02896-MM11<br><br>Date of Hearing:  March 1, 2011<br>Time of Hearing:  9:00 a.m.<br>Name of Judge:  Hon. Margaret M. Mann |

**ORDER ON DEBTOR'S EMERGENCY FIRST DAY MOTION AUTHORIZING DEBTOR'S USE OF CASH COLLATERAL ON AN INTERIM BASIS AND SETTING FINAL HEARING**

        **IT IS ORDERED THAT** the relief sought as set forth on the continuation pages attached and numbered two (2)

through 2 with exhibits, if any, for a total of 2 pages, is granted. Motion/Application Docket Entry No. _____

//

//

//

//

//

//

DATED: _____

_____
Judge, United States Bankruptcy Court

Signature by the attorney constitutes a certification under
Fed. R. of Bankr. P. 9011 that the relief in the order is the
relief granted by the court.

Submitted by:

**Sulmeyer**Kupetz, A Professional Corporation
 (Firm name)

By:/s/ Steven F. Werth
_____
  Attorney for ☒ Movant ☐ Respondent
  No Fear Retail Stores, Inc., Debtor and Debtor in Possession

American LegalNet, Inc.
www.USCourtForms.com

CSD 1001A [11/15/04] (Page 2)
ORDER ON DEBTOR'S EMERGENCY FIRST DAY MOTION AUTHORIZING DEBTOR'S USE OF CASH
COLLATERAL ON AN INTERIM BASIS AND SETTING FINAL HEARING
DEBTOR: NO FEAR RETAIL STORES, INC., a California corporation, CASE NO: 11-02896-MM11

---

The emergency motion (the "Motion") filed by No Fear Retail Stores, Inc. (the "Debtor") on February 25, 2011,

requesting interim and final orders authorizing use of cash collateral and granting replacement liens in connection

therewith came on for initial hearing before this Court on March 1, 2011. Appearances at the hearing are reflected

in the record. The Court considered the papers filed in this matter and the facts and circumstances of this case.

Based on the foregoing, good cause having been established for granting the Motion as set forth below, and in

order to prevent immediate and irreparable harm to the bankruptcy estate,

IT IS HEREBY ORDERED THAT:

1.      The Motion is granted on an interim basis as set forth herein.

2.      A Final Hearing on the Motion shall be held on _____, 2011, at _____, in Courtroom _____ of the

above-entitled Court (the "Final Hearing"). The Debtor may file supplemental papers with respect to the Motion.

The Motion shall be filed by _____, 2011. Any opposition to the Motion shall be filed and received by _____

on _____, 2011, such that it is received by the Court and counsel for the opposing party, if any, by the close of

business on said date.

3.      Pending the Final Hearing, the Debtor is authorized to use cash collateral in accordance with the cash

expense budget (the "Budget") attached to the Omnibus Declaration of Mark Simo in Support of "First Day" Motions

as Exhibit "3". During the period covered by the Budget, the Debtor shall be permitted to exceed disbursements

forecasted in the Budget by not more than 15% on a line-by-line basis and by not more than 10% with respect to

the total disbursements forecast in the Budget. Any disbursement amount available under the Budget and not used

during the designated period is saved and preserved and shall be available for use during any subsequent period.

***

American LegalNet, Inc.
www.USCourtForms.com