1  HAEJI HONG, ATTORNEY #198503
   TRIAL ATTORNEY
   OFFICE OF THE UNITED STATES TRUSTEE
2  402 West Broadway, Suite 600
   San Diego, CA 92101
3  (619) 557-5013

4  Attorney for
   TIFFANY L. CARROLL
5  ACTING UNITED STATES TRUSTEE

6

7                     UNITED STATES BANKRUPTCY COURT

8                     SOUTHERN DISTRICT OF CALIFORNIA

9
                                          )  Case No.: 11-02896-MM11
10  In re:                                )
                                          )  (Jointly administered with Case No. 11-02897-
11                                         )  MM11; 11-02898-MM11)
    NO FEAR RETAIL STORES, INC., a        )
12  California corporation, SIMO HOLDINGS )  UNITED STATES TRUSTEE'S OBJECTION
    INC., a California corporation, and NO FEAR ) TO MOTION OF DEBTORS AND
13  MX, INC., a California corporation,    )  DEBTORS IN POSSESSION FOR ORDER
                                          )  AUTHORIZING DEBTORS TO ENTER
14                                         )  INTO DEBTOR IN POSSESSION CREDIT
                                          )  FACILITY WITH HILCO BRANDS, LLC
15                                         )  AND INFINITY FS BRANDS, LLC
                                          )
16                                         )  Date:  April 1, 2011
                                          )  Time:  2:00 p.m.
17                 Debtor-in-Possession.  )  Dept:  One (1)
                                          )  Judge: Hon. Margaret M. Mann
18

19        The Acting United States Trustee (the "United States Trustee" or "UST") hereby files

20  this Objection ("Objection") to the Motion of Debtors and Debtors in Possession for Order

21  Authorizing Debtors to Enter into Debtor in Possession Credit Facility with Hilco Brands, LLC

22  and Infinity FS Brands, LLC (the "Motion") filed by No Fear Retail Stores, Inc., Simo Holdings,

23  Inc., and No Fear MX, Inc. (collectively, the "Debtors").

24        A.      Agreed Extension of Time for Official Committee of Unsecured Creditors

25  ("OCC")

26        The UST appointed the OCC in No Fear Retail Stores, Inc. on March 22, 2011.  Given

27  the fact that the OCC was appointed recently, the UST asked that the Debtors extend time for the

28

                                            - 1
    NO FEAR: 11-02896-MM11 (JOINTLY ADMINISTERED WITH 11-02897-MM11, 11-02898-MM11)
    OBJECTION TO DIP FINANCING

1    OCC to respond to the Debtors' Motion to March 28, 2011. The Debtors have graciously

2    allowed an extension of time for the OCC to respond to the Motion.[1] The UST is not seeking an

3    extension of time.

4    **B.    Necessity and Reasonableness of the Proposed Terms in the Motion**

5        The Motion is seeking funding ("DIP Financing") of $3,000,000. Unfortunately, the

6    Motion lacks specificity as to why the DIP Financing is necessary at this time and with onerous

7    terms such as break-up fee of 5%.

8        The Motion does not appear to provide sufficient evidence of the necessity of the DIP

9    Financing at this stage. The Declaration of Mark Simo ("Simo Decl") attached to the Motion

10    generally states that the Debtors need approximately $3,000,000 in order to replenish inventory.

11    There is no evidence regarding what the current level of inventory is, why the reduced expense

12    of closing certain retail stores is not sufficient to cover capital to purchase inventory, and what

13    the Debtors' current cash flow is. Paragraph 19 of Simo Decl points out that the Debtors need to

14    replenish inventory in part for the back-to-school season in August. It is currently at least five

15    months prior to August.

16        The Motion also does not appear to provide sufficient evidence that other financing terms

17    are unavailable. Both Simo Decl and Declaration of Matthew Venturi ("Venturi Decl") discuss

18    generally that Venturi & Company ("Venturi") attempted to find financing sources. However,

19    neither declarations point to who the potential lenders were, how many potential lenders the

20    Debtors attempted to negotiate financing terms, and what terms had been discussed. The lack of

21    specific evidence undermines the Debtors' argument that the proposed terms of the DIP

22    Financing in the Motion are reasonable.

23        In particular, the UST notes that one of the proposed terms is to include a break-up fee of

24    5%. Although the Motion cites to a number of cases, none of the cases actually related to a

25    break-up fee in the DIP Financing context at the early stage of Chapter 11; all cases related to

26

27    _____

    [1] *See* email from David S. Kupetz to Haeji Hong dated March 23, 2011 attached to this Objection

28    as Exhibit 1.

1   inclusion of break-up fees in context of sale of assets and/or stock, except in *In re Integrated*
2   *Resources, Inc.*, 147 B.R. 650 (Dist.S.D.N.Y. 1992), which was in the context of funding a
3   reorganization plan. *See Cottle v. Storer Communication, Inc.*, 849 F.2d 570, 573-75 (11th Cir.
4   1988)(describing merger and stock sale); *In re S.N.A. Nut Co.*, 186 B.R. 98, 100-01
5   (Bankr.N.D.Ill. 1995)(describing the break-up fee in the context of sale of assets); *In re*
6   *Integrated Resources, Inc.*, 147 B.R. 650, 654-55 (Dist.S.D.N.Y. 1992)(describing break-up fees
7   in the context of funding a plan of reorganization); *In re Financial News Network, Inc.*, 126 B.R.
8   152, 153-54 (Dist.S.D.N.Y. 1991)(describing that one of the issue on the appeal was regarding
9   bid for purchase of asset); *In re 995 Fifth Ave. Assoc., L.P.*, 96 B.R. 24, 25 (Bankr.S.D.N.Y.
10  1989)(describing the auction and sale of assets).

11      Even though *In re Integrated Resources* may be factually closest to the DIP Financing in
12  this case, the Debtors have not shown that the break-up fee in this case is reasonable. The court
13  in *In re Integrated Resources* noted that the break-up fee is a tool to "encourage bidding and to
14  maximize the value of the debtor's assets." *In re Integrated Resources*, 147 B.R. at 659. In that
15  case, the break-up fee was payable if the debtor tried to sell "material assets" proposed to be
16  acquired by the proposed funder of the plan of reorganization. *Id.* at 655. The debtor in that case
17  also successfully attracted other bidders based on the serious interest by the proposed funder of
18  the plan. *Id.* at 654, 660-61. Finally, the break-up fee was reasonable relative to the proposed
19  purchase price – 1.6% of the proposed purchase price. *Id.* at 662.

20      In this case, however, the Debtors are only attempting to obtain additional financing, not
21  attempting to fund a plan of reorganization with respect to all operations and assets of the
22  Debtors. Furthermore, it is unclear how the proposed break-up fee could possibly encourage
23  "bidding" and maximize the debtor's assets in the context of additional funding. There is no
24  evidence to show that the break-up fee encouraged other "bidding" or opportunities for
25  financing. The break-up fee in this case is not conditioned on sale of "material assets." Finally,
26  even if the Court were to consider allowing break-up fee in this context, which the UST strongly
27  argues that it should not, the break-up fee of 5% is facially unreasonable. *See id.* at 662

28

(discussing 3.2% as average break-up fee of that industry); *Cottle*, 849 F.2d at 578 (citing cases that discuss termination fee of 1% and break-up fee of 2% as being reasonable).

## C.    Observation

The Debtors have not yet filed Schedules, Statement of Financial Affairs, or monthly operating reports. It is difficult to evaluate this Motion in the vacuum of information, and the Debtors should present sufficient evidence if the DIP Financing is Necessary.

WHEREFORE, the United States Trustee files this Objection to the Motion.

Respectfully submitted,

TIFFANY L. CARROLL
ACTING UNITED STATES TRUSTEE

Dated: March 24, 2011            By: ___/s/ Haeji Hong_____
                                 Haeji Hong,
                                 Attorney for the Acting United States
                                 Trustee

- 4

## Hong, Haeji  (USTP)

| From: | Kupetz, David S. <dkupetz@sulmeyerlaw.com> |
|---|---|
| Sent: | Wednesday, March 23, 2011 10:42 AM |
| To: | Hong, Haeji  (USTP) |
| Cc: | Werth, Steven F.; Green, Lorraine  (USTP); jpomeroy@bayerproperties.com; bill.bussiere@lajollagroup.com; ryan@srh.com; Scott Benjamin; Matt Venturi; Josh Garver |
| Subject: | RE: No Fear Retail: 11-02896-MM11 |

Haeji,

Your proposal for the extension to March 28 for the committee to file any response to the DIP financing motion is accepted. That is fine with the debtors. Further, we are happy to speak with the committee if they would like us to explain the urgent need for the financing and the potential harm that may be caused if approval of the financing is delayed. Thanks.

David

David S. Kupetz
**Sulmeyer**Kupetz
A Professional Corporation
Direct Line: 213.617.5274
E-Mail: dkupetz@sulmeyerlaw.com
URL: www.sulmeyerlaw.com
333 South Hope Street, Thirty-Fifth Floor,
Los Angeles, CA 90071
Voice: 213.626.2311 Fax: 213.629.4520

**From:** Hong, Haeji (USTP) [mailto:Haeji.Hong@usdoj.gov]
**Sent:** Wednesday, March 23, 2011 10:36 AM
**To:** Kupetz, David S.
**Cc:** Werth, Steven F.; Green, Lorraine (USTP); jpomeroy@bayerproperties.com; bill.bussiere@lajollagroup.com; ryan@srh.com
**Subject:** No Fear Retail: 11-02896-MM11

Dear Mr. Kupetz,
The UST will likely file something with the Court regarding the DIP motion.  Given that the OCC was just appointed, the UST was also going to indicate in the papers that the Court may wish to grant a short extension to the OCC to file any response or objection to March 28, 2011.  I wondered if perhaps the Debtor would stipulate to such extension to the OCC.  The UST will not be requesting an extension.  For your reference, I have cc'ed OCC members to this email so that they are also aware that the UST would be making such request.

Please let me know your thoughts.

Thank you,

EXHIBIT "1"

1

**Haeji Hong**
Office of the United States Trustee
Attorney for the Acting United States...

(619) 557-5013 ext 4798 Work
Haeji.Hong@usdoj.gov

Office of the United States Trustee
402 W Broadway, Suite 600
San Diego, CA 92101

*******************************************************************
This e-mail message is for the sole use of the intended recipient(s) and may
contain confidential or legally privileged information. Any unauthorized
review, use, disclosure or distribution is prohibited. If you are not the
intended recipient, please contact the sender by reply e-mail, delete this
message from your computer and destroy all copies of the original message.
*******************************************************************

2