WILLIAM W. HUCKINS (Bar No. 201098)
IVAN M. GOLD (Bar No. 121486)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
Three Embarcadero Center, 12th Floor
San Francisco, CA  94111-4074
Phone:  (415) 837-1515
Fax:  (415) 837-1516

ROBERT R. BARNES (Bar No. 144881)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
501 West Broadway, 15th Floor
San Diego, California 92101-3541
Phone:  (619) 233-1155
Fax:  (619) 233-1158

Attorneys for Landlords affiliated with
General Growth Properties

UNITED STATES BANKRUPTCY COURT

Southern District of California

| | |
|---|---|
| In re<br><br>NO FEAR RETAIL STORES, INC., a California corporation; SIMO HOLDINGS, INC., a California corporation; and NO FEAR MX, INC., a California corporation,<br><br>Debtors. | Case No. 11-02896-MM11<br><br>Chapter 11<br><br>(Jointly Administered with Case Nos. 11-02897-MM11 and 11-02898-MM11)<br><br>**LIMITED OPPOSITION TO DEBTORS' MOTION FOR ORDER AUTHORIZING DEBTORS TO ENTER INTO DEBTOR IN POSSESSION CREDIT FACILITY**<br><br>Date: April 1, 2011<br>Time: 2:00 p.m.<br>Dept: U.S. Bankruptcy Court, Dept. 1<br>325 West "F" Street, Room 218<br>San Diego, CA 92101 |

Landlords affiliated with General Growth Properties (the "General Growth Landlords") respectfully submit their limited opposition to the *Motion of Debtors and Debtors In Possession For Order Authorizing Debtors To Enter Into Debtor In Possession Credit Facility* [Docket No. 87] ("Financing Motion").  Debtors' Financing Motion seeks authority for debtors-in-possession No Fear Retail Stores, Inc., Simo Holdings, Inc., and No Fear MX, Inc. (collectively "Debtors") to enter into a $3,000,000.00 debtor-in-possession credit facility with Hilco Brands, LLC and Infinity

FS Brands, LLC ("Lenders") on the terms and conditions outlined in the Financing Motion (see Memorandum of Points and Authorities supporting Financing Motion at 13:7-16:16) and the accompanying "Term Sheet." (Exhibit 1 to Financing Motion.)

The General Growth Landlords do not generally object to Debtors' efforts to obtain post-petition financing to finance new inventory purchases and to meet ongoing operating and administrative expenses. Following service of the Financing Motion, the General Growth Landlords sought clarification that the "Security" described by the Term Sheet did not extend to an interest in Debtors' leasehold interests, which would be contrary to the terms of Debtors' leases with the General Growth Landlords. While the General Growth Landlords have been informally advised that leaseholds are not intended to be part of the collateral securing the proposed credit facility, the General Growth Landlords submit this limited objection in advance of the preliminary hearing, out of an abundance of caution, to address this issue of critical importance to the General Growth Landlords and to seek clarification of the relief sought by the Debtors' Financing Motion.

As discussed below, any further interim order or final order authorizing Debtors to enter into a debtor-in-possession credit facility with Landers should expressly provide that any first priority security interest in favor of Lenders in all of the current and future assets of debtors No Fear Retail Stores, Inc. and No Fear MX, Inc. (excluding accounts receivable and cash balances) (see description of "Security" at Term Sheet, pp. 1-2) should not extend to any lien on or security interest in Debtors' real property leases.

**FACTUAL AND PROCEDURAL BACKGROUND**

The General Growth Landlords are the lessors of either debtor No Fear Retail Stores, Inc. with respect to leases for twelve retail stores in Arizona, California, Florida, Nevada, Oregon and Texas.[1] There can be no serious question that each of Debtors' leases with the General Growth

---

[1] The General Growth Landlords are the lessors of Debtors with respect to retail locations at (1) Altamonte Mall, Altamonte Springs, Florida, (2) Chico Mall, Chico, California, (3) Fashion Show, Las Vegas, Nevada, (4) Galleria at Tyler, Riverside, California, (5) Meadows Mall, Las Vegas, Nevada, (6) Montclair Plaza, Montclair, California, (7) Rogue Valley Mall, Medford, Oregon, (8) The Parks at Arlington, Arlington, Texas, (9) Town East Mall, Mesquite, Texas, (10) Tucson Mall, Tucson, Arizona, (11) Valley Plaza Mall, Bakersfield, California, and (12) Visalia Mall, Visalia, California.

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

807141.01/SF

-2-
LIMITED OPPOSITION TO DEBTORS' MOTION FOR ORDER AUTHORIZING DEBTORS TO ENTER INTO DEBTOR IN POSSESSION CREDIT FACILITY

Landlords are for nonresidential real property in a "shopping center" as that term is used in Bankruptcy Code section 365(b)(3).  See In re Joshua Slocum, Ltd., 922 F.2d 1081, 1086-1087 (3rd Cir. 1990).

On February 26, 2011, Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.  The cases are jointly administered.  Debtors continue to operate their businesses and manage their affairs as debtors in possession under Bankruptcy Code section 1107(a) and 1108.

## THE SCOPE OF COLLATERAL SOUGHT BY PROPOSED DEBTOR-IN-POSSESSION CREDIT FACILITY NEEDS TO BE CLARIFIED

The scope of "Security" to be granted in favor of Lenders as collateral for the proposed debtor-in-possession credit facility is described in the Term Sheet as including a broadly-defined "first priority security position on all other assets of No Fear MX's and No Fear Retail's current and future assets and capital stock excluding accounts receivable and cash balances (including, but no limited to: inventory, FF&E, and shares)," thus potentially including Debtors' previously unencumbered leasehold interests.  (See pp. 1-2 of Term Sheet.)

The potential grant of a security interest in Debtors' leases, i.e., leasehold mortgages, to secure debtor-in-possession financing would violate prohibitions on the assignment, mortgage or pledge of Debtors' leasehold interest contained in its leases with the General Growth Landlords and the plain language of Bankruptcy Code section 365(d)(3) requiring that the Debtors perform all obligations of their leases (including the obligation not to assign or transfer any interest therein) pending the decision to assume or reject.  See In re Cukierman, 265 F.3d 846, 850 (9th Cir. 2001) ("Congress made the provision for trustee [or debtor-in-possession] compliance broad, extending it to cover all the obligations under a lease.").

The General Growth Landlords oppose any attempt to mortgage, hypothecate or otherwise encumber Debtors' leasehold interests in contravention of the terms of Debtors' leases.  Neither Debtor nor its proposed Lenders have offered any authority in the Financing Motion permitting an

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

807141.01/SF

-3-
LIMITED OPPOSITION TO DEBTORS' MOTION FOR ORDER AUTHORIZING DEBTORS TO ENTER INTO DEBTOR IN POSSESSION CREDIT FACILITY

1  assignment of Debtors' interest in its real property leaseholds to secure the proposed credit facility,
2  contrary to express lease restrictions and Bankruptcy Code section 365(d)(3).[2]

3        A lien on the potential proceeds of the disposition of Debtors' leases more than adequately
4  protects the Lenders' interests, while remaining consistent with the terms of the underlying leases.
5  The "bonus value" of the leases has been recognized as property of the bankruptcy estate (see, e.g.,
6  In re Ernst Home Center, Inc., 209 B.R. 974, 985-986 (Bankr. W.D. Wash. 1997) and a security
7  interest in that bonus value, in the form of a lien on the proceeds of the prospective disposition of
8  leases, strikes a balance between the Lenders' interests, Debtors' need for authorization to use cash
9  collateral, and the landlords' rights under the leases and the Bankruptcy Code.

10 **JOINDER**

11       To the extent not inconsistent with the foregoing, the General Growth Landlords join in
12 any preliminary opposition to Debtors' Financing Motion filed by Debtors' other landlords.

13 **CONCLUSION**

14       While this issue appears to have been consensually resolved, the proposed scope of the
15 Lenders' security should be clarified to plainly limit the scope of the lien on Debtors' real property
16 leaseholds, if any, to the proceeds of their prospective disposition by the Debtors.

17 Dated: March 24, 2011      ALLEN MATKINS LECK GAMBLE
                                  MALLORY & NATSIS LLP
18
19                               By: */s/ Robert R. Barnes*
                                    ROBERT R. BARNES
20                                     Attorneys for General Growth Landlords

---

[2] Debtors and Lenders may not rely on Section 365(f)(1) to circumvent the express provisions of the leases because Section 365(f) requires assumption of Debtors' leases as a condition to their assignment, which is not contemplated under the proposed financing.

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

807141.01/SF

-4-
LIMITED OPPOSITION TO DEBTORS' MOTION FOR ORDER AUTHORIZING
DEBTORS TO ENTER INTO DEBTOR IN POSSESSION CREDIT FACILITY

**PROOF OF SERVICE**

I am employed in the County of San Francisco, State of California. I am over the age of eighteen (18) and am not a party to this action. My business address is 501 W. Broadway, 15th Floor, San Diego, California 92101.

On March 24, 2011, I served the within document(s) described as:

**Limited Opposition to Debtors' Motion for Order Authorizing Debtors to Enter Into Debtor in Possession Credit Facility**

on the interested parties in this action as stated below:

| | |
|---|---|
| Jeffrey D Cawdrey | jcawdrey@gordonrees.com,ebojorquez@gordonrees.com |
| Thomas M Geher | tgeher@jmbm.com |
| Sue J Hodges | sue.hodges@klgates.com |
| Mark S Hoffman | mshllh@aol.com |
| Haeji Hong, US Trustee | Haeji.Hong@usdoj.gov; USTP.Region15@usdoj.gov; Shannon.m.vencill@usdoj.gov; tiffany.l.carroll@usdoj.gov |
| Brian D Huben | brian.huben@kattenlaw.com, carole.levine@kattenlaw.com |
| David S Kupetz | dkupetz@sulmeyerlaw.com |
| United States Trustee | ustp.region15@usdoj.gov |
| Steven F Werth | swerth@sulmeyerlaw.com |
| Dennis J Wickham | wickham@scmv.com, havard@scmv.com |
| Bob R Barnes | bbarnes@allenmatkins.com, igold@allenmatkins.com |

☒ **BY THE COURT VIA NEF:** Pursuant to controlling General Order(s) and in accordance with the Administrative Procedures and Guidelines for Electronic Filing, the foregoing document(s) will be served by the Court via Notice of Electronic Filing ("NEF") and hyperlink to the document. On March 24, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the persons listed on the attached service list are on the Electronic Mail Notice List to receive NEF transmission at the email address listed.

| Anne Perry | */s/ Anne Perry* |
|---|---|
| (Type or print name) | (Signature of Declarant) |

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

807141.01/SF

-5-
LIMITED OPPOSITION TO DEBTORS' MOTION FOR ORDER AUTHORIZING DEBTORS TO ENTER INTO DEBTOR IN POSSESSION CREDIT FACILITY

## PROOF OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of eighteen (18) and am not a party to this action. My business address is Three Embarcadero Center, 12th Floor, San Francisco, CA 94111-4074.

On March 24, 2011, I served the within document(s) described as:

**LIMITED OPPOSITION TO DEBTORS' MOTION FOR ORDER AUTHORIZING DEBTORS TO ENTER INTO DEBTOR IN POSSESSION CREDIT FACILITY**

on the interested parties in this action as stated below:

| | |
|---|---|
| Thomas J Leanse | thomas.leanse@kattenlaw.com |
| Diane Baxa | Diane.Baxa@cnb.com |
| John O Cronin | john@croninandcronin.com |
| Joel F Crystal | joel.crystal@centroprop.com |
| Benjamin Siegel | bseigel@buchalter.com |
| Ernie Zachary Park | ernie.park@bewleylaw.com |
| Laith Haisha | laith@jandjclothing.com |
| Jonathan Brown | jbrown@lglaw.com |
| Nicole Kelley | nkelley@o21na.com |
| Barry R Gore | bgore@scckg.com |
| Matthew B Venturi | mventuri@venturico.com, jgarver@venturico.com |

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on and in accordance with a court order or agreement of the parties to accept service by e-mail or electronic transmission, I caused a true copy of the document to be sent to the persons at the corresponding electronic address as indicated above on the above-mentioned date. My electronic notification address is clynch@allenmatkins.com. I am readily familiar with this firm's Microsoft Outlook electronic mail system and did not receive any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct.

Executed on March 24, 2011, at San Francisco, California.

| Cynthia D. Lynch | /s/ Cynthia D. Lynch |
|---|---|
| (Type or print name) | (Signature of Declarant) |

LAW OFFICES
Allen Matkins Leck Gamble Mallory & Natsis LLP

807141.01/SF

-6-
LIMITED OPPOSITION TO DEBTORS' MOTION FOR ORDER AUTHORIZING DEBTORS TO ENTER INTO DEBTOR IN POSSESSION CREDIT FACILITY

## PROOF OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of eighteen (18) and am not a party to this action. My business address is Three Embarcadero Center, 12th Floor, San Francisco, CA 94111-4074.

On March 24, 2011, I served the within document(s) described as:

**LIMITED OPPOSITION TO DEBTORS' MOTION FOR ORDER AUTHORIZING DEBTORS TO ENTER INTO DEBTOR IN POSSESSION CREDIT FACILITY**

on the interested parties in this action as stated below:

<u>Service Via U.S. Mail</u>
Christine R. Etheridge
Bankruptcy Administration
IKON Financial Services
1738 Bass Road
P.O. Box 13708
Macon, GA 31208-3708

☒ **BY MAIL:** I placed a true copy of the document in a sealed envelope or package addressed as indicated above on the above-mentioned date in San Francisco, California for collection and mailing pursuant to the firm's ordinary business practice. I am familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct.

Executed on March 24, 2011, at San Francisco, California.

| Cynthia D. Lynch | /s/ Cynthia D. Lynch |
|---|---|
| (Type or print name) | (Signature of Declarant) |

LAW OFFICES
Allen Matkins Leck Gamble Mallory & Natsis LLP

807141.01/SF

-7-
LIMITED OPPOSITION TO DEBTORS' MOTION FOR ORDER AUTHORIZING DEBTORS TO ENTER INTO DEBTOR IN POSSESSION CREDIT FACILITY