WILLIAM CREELMAN
BDO USA, LLP
3200 Bristol Street, 4th Floor
Costa Mesa, CA. 92626
Telephone Number:    (714) 668-7324
Facsimile Number:    (714) 913-2584
bcreelman@bdo.com

[Proposed] Financial Advisor for the Official Committee of
Unsecured Creditors of No Fear Retail Stores, Inc. and
Simo Holdings, Inc.

## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>NO FEAR RETAIL STORES, INC., a California corporation, SIMO HOLDINGS INC., a California corporation and NO FEAR MX, INC., a California corporation,<br><br>Related Debtors. | Case No.: 11-02896-MM11<br><br>(Jointly Administered with Case Nos. 11-02987-MM11; 11-02898-MM11)<br><br>Chapter 11<br><br>**APPLICATION FOR AN ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT OF BDO USA, LLP AS FINANCIAL ADVISOR FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF NO FEAR RETAIL STORES, INC.** *NUNC PRO TUNC* **TO MARCH 28, 2011; AND AS FINANCIAL ADVISOR FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF SIMO HOLDINGS, INC.,** *NUNC PRO TUNC* **TO APRIL 7, 2011; DECLARATIONS IN SUPPORT THEREOF**<br><br>[No Hearing Required] |

**TO THE HONORABLE MARGARET MANN, UNITED STATES BANKRUPTCY JUDGE, DEBTOR, PARTIES REQUESTING SPECIAL NOTICE, AND THE OFFICE OF THE UNITED STATES TRUSTEE:**

**PLEASE TAKE NOTICE** that the Official Committee of Unsecured Creditors appointed in the bankruptcy cases of No Fear Retail Stores, Inc. (the "NFRS Committee") and Simo Holdings, Inc. ("the "Simo Committee", and together with the NFRS Committee, the "Committees") two of the above-referenced debtors (the "Debtors"), submit this application to employ BDO USA, LLP

1  ("BDO" or the "Firm"), *nunc pro tunc*, to March 28, 2011 as financial advisor to the NFRS

2  Committee and *nunc pro tunc* to April 7, 2011 as financial advisor to the Simo Committee (the

3  "Application").

4       This Application is brought pursuant to section 1103(a) of title 11 of the United States Code

5  (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure, and Local

6  Bankruptcy Rule 2014-1 for an order authorizing the employment of the Firm.  In support of this

7  Application, the Committees respectfully represent as follows:

8       1.    On February 24, 2011, the Debtors each commenced a chapter 11 case by filing a

9  voluntary petition under Chapter 11 of title 11 of the Bankruptcy Code.  Pursuant to sections 1107(a)

10  and 1108 of the Bankruptcy Code, the Debtors are continuing to operate their business and manage

11  their financial affairs as debtors in possession.

12       2.    The NFRS Committee was appointed on March 22, 2011 by the Office of the United

13  States Trustee, pursuant to section 1102(a)(1) of the Bankruptcy Code.  The Committee has selected

14  BDO to be its Financial Advisor in this case.

15       3.    The Simo Committee was appointed on April 4, 2011 by the Office of the United

16  States Trustee, pursuant to section 1102(a)(1) of the Bankruptcy Code.  The Committee has selected

17  BDO to be its Financial Advisor in this case.

18       4.    BDO is an accounting, consulting and financial advisory firm which maintains offices

19  at 3200 Bristol Street, Costa Mesa, California 92626, and other locations throughout the United

20  States.  BDO's professionals have extensive familiarity with the accounting practices in insolvency

21  matters in the bankruptcy courts in the Southern District of California and in other states.

22       5.    Subject to the Court's approval of BDO's retention, BDO proposes to provide

23  financial advisory services to the Committees.  The Committees have determined that it is in the best

24  interests of the unsecured creditors and the Debtors' estates to retain a financial advisor to assist the

25  Committees in these chapter 11 case.  The Committees desire to retain BDO to provide such

26  financial services as BDO and the Committees deem necessary and beneficial to the Committees and

27  all unsecured creditors.  The services that the Committees may request include, but are not limited

28  to, the following services:

(a) Analyze the financial operations of the Debtors pre and post-petition, as necessary;

(b) Analyze the financial ramifications of any proposed transactions for which the Debtors seek Bankruptcy Court approval including, but not limited to, post-petition financing, sale of all or a portion of the Debtors' assets, critical vendor payments, retention of management and/or employee incentive and severance plans;

(c) Conduct any requested financial analysis including, but not limited to, verifying the material assets and liabilities of the Debtors, as necessary, and their values and analyzing cash flow and liquidity;

(d) Assist the Committees in their review of monthly statements of operations submitted by the Debtors;

(e) Perform claims analysis for the Committees;

(f) Assist the Committees in their evaluation of the Debtors' cash flow and/or other projections prepared by the Debtors;

(g) Scrutinize cash disbursements on an on-going basis for the period subsequent to the commencement of these cases;

(h) Perform forensic investigating services, as requested by the Committees and counsel, regarding pre-petition activities of the Debtors in order to identify potential causes of action, including investigating intercompany transfers, improvements in position, and fraudulent transfers;

(i) Analyze transactions with insiders, related and/or affiliated companies;

(j) Analyze transactions with the Debtors' financing institutions;

(k) Monitor and evaluate any of the Debtors' efforts to raise DIP financing and/or sell the companies;

(l) Attend meetings of creditors and conference with representatives of the creditor groups and their counsel;

(m) Attend any auctions of the Debtors' assets;

(n) Assist the Committees in their review of the financial aspects of any plans of reorganization or liquidation submitted by the Debtors or other parties and perform any related analyses, specifically including liquidation analyses and feasibility analyses and evaluate exit strategies;

(o) Assist counsel in preparing for any depositions and testimony, as well as prepare for and provide expert testimony at depositions and court hearings, as requested; and

(p) Perform other necessary services as the Committees or the Committees' counsel may request from time to time with respect to the financial, business and economic issues that may arise.

6.      It is essential that the Committees employ a financial advisor to render the foregoing professional services in order to assist the Committees with their duties and to handle the many issues that may arise in the context of these cases. The Committees believe that BDO is qualified to serve them in these chapter 11 cases and that the retention of BDO is in the best interests of the estates and creditors. Because of the number of emergent matters pending with the Court in these cases, BDO was requested to immediately begin many of the tasks outlined in paragraph 4 above.

1  The services to be rendered by BDO will not duplicate the services to be rendered by any of the

2  other professionals retained by the Committees in these bankruptcy cases, and every effort will be

3  made to ensure that BDO's services are rendered in the most cost-effective manner possible.

4      7.      BDO's proposed compensation is set forth in the attached Declaration of William

5  Creelman (the "Creelman Declaration"). In summary, BDO has agreed to an initial monthly fee

6  budget of $65,000 per month for the first three months (the "Initial Monthly Fee"), and then $50,000

7  per month thereafter (the "Final Monthly Fee"). The Initial Monthly Fee and Final Monthly Fee

8  shall include fees for all services rendered by BDO to or for the benefit of the Committees, except as

9  detailed below, but shall not include reimbursement of expenses. The Debtors' estates shall

10 reimburse BDO for its fees and expenses. Any services related to preparing for and attending any

11 adversary proceedings and contested matters that would require BDO to provide expert report(s) and

12 testimony in compliance with Rule 26 of the Federal Rules of Civil Procedure shall be billed at

13 normal hourly rates and not subject to the Initial Monthly Fee or Final Monthly Fee limitations.

14     8.      The Committees and BDO understand that any compensation or reimbursement of

15 expenses paid to BDO must be approved by this Court upon application consistent with the

16 Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court and any administrative or

17 other order concerning professional compensation and reimbursement entered in these proceedings.

18 Pursuant to section 331 of the Bankruptcy Code, BDO will apply not more than once every 120 days

19 for compensation on an interim basis of its fees and expenses, unless the Court enters an order

20 permitting all professionals to submit compensation for services sooner pursuant to the terms of an

21 interim compensation procedures order.

22     9.      In addition, BDO reserves the right, with the Committees' support and approval, to

23 seek additional compensation for fees incurred relating to services rendered to or for the benefit of

24 the Committees, the amount of which exceeds the Initial Monthly Fee or Final Monthly Fee. Any

25 such request by BDO will be made only in its final application for allowance of fees and expenses in

26 these cases. The hourly billing rates as of the date of the Creelman Declaration are as follows:

27          Partners/Managing Directors              $500 to $800 per hour

28          Directors & Sr. Managers                 $350 to $600 per hour

| | |
|---|---|
| Managers | $275 to $395 per hour |
| Seniors | $200 to $350 per hour |
| Staff | $150 to $225 per hour |

10.     These rates are subject to periodic review and adjustment.  To the extent that the services of other (i.e., non-bankruptcy) members, associates and staff of the firm are utilized, their hourly billing rates will be consistent with the rates of those listed above who have similar experience and seniority.  Further, BDO periodically utilizes the specialized services of independent contractors ("IC") in its engagements.  If BDO determines such services are necessary, BDO will require the IC to execute and file a separate Federal Rule of Bankruptcy Procedure 2014 declaration disclosing and relationships the IC may have with the Debtors and other parties-in-interest and indicating that the IC is disinterested.  Any agreement between BDO and an IC will require that the IC is and remain disinterested, as that term is defined in the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Title 11 of the United States Code (the "Bankruptcy Code"), while BDO is employed by the Committees.  It is BDO's normal practice to charge for an IC's time at a rate commensurate with a BDO employee with similar skills and experience.  This rate generally exceeds the compensation paid to the IC.

11.     Further, if certain services are requested by the Committees, BDO may utilize personnel employed by one or more affiliated entities ("BDO Affiliates") including BDO Consulting Corporate Advisors, LLC ("BCCA") and BDO Capital Advisors, LLC ("BDO Capital"), both direct or indirect wholly-owned subsidiaries of BDO.  Employees of BDO Affiliates, including  BCCA and BDO Capital, if billed at an hourly rate, will be billed at rates within the ranges specified herein and be commensurate with the employee's experience.

12.     To the best of the Committees' knowledge and subject to the Creelman Declaration, BDO represents no other entity in connection with these cases, BDO is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, and BDO does not hold or represent any interest adverse to the Debtors' estates with respect to the matters upon which it is to be employed.  BDO has not received a retainer in this case nor does it have a retention agreement with the Committees.  The terms of BDO's retention are as set forth in this Application.

13.    BDO will track work performed on behalf of each Committee to the extent that tasks are performed solely for one Committee, and will bill each estate directly for such services rendered on behalf of the applicable Committee.  However, where BDO's services are rendered for both Committees, BDO will allocate fees and expenses to each estate on a 50%/50% basis or some other allocation to be agreed upon by BDO and the Committees depending on the nature of the work performed, which allocation will be set forth with notice to all parties in BDO's fee application.  As BDO's compensation is based on a flat monthly fee (the Initial Monthly Fee and Final Monthly Fee) plus expenses, BDO will allocate to each estate a portion of its pro-rated portion of the flat monthly fee and expenses based upon the total number of hours worked for the benefit of each estate. Notwithstanding any allocation of fees and expenses for work performed on behalf of both estates, both Debtors' estates shall be jointly and severally liable for all of BDO's fees and expenses for such shared services.

14.    Finally, to the extent that any conflicts may arise between the Simo Committee and the NFRS Committee, the Simo Committee will retain a separate financial advisor to the extent required via a separate retention application to serve as conflicts counsel with respect to potential conflicts between the two Committees.

15.    Notice of the instant Application, including the Creelman Declaration filed herewith, is being given to (i) the U.S. Trustee; (ii) counsel to the Debtors; and (iii) those parties entitled to notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b).  The Committees respectfully submit that, in light of the nature of the relief requested, no further notice is necessary or required.

16.    No prior application has been made in this or any other Court.

17.    The Committees submit that the Application does not present novel issues of law requiring the citation to any authority, other than the statutes and rules cited above and, accordingly, submits that no brief is necessary.

18.    To the best of the Committees' knowledge, BDO has no connection with the creditors or any other adverse party or their attorneys except as otherwise noted in the attached Creelman Declaration.

1    **WHEREFORE,** the Committee respectfully request that this Court enter an Order (i)

2    authorizing the retention of BDO as financial advisor to the NFRS Committee, effective as of March

3    28, 2011, on the terms and conditions set forth herein, with fees and expenses to be paid pursuant to

4    the Bankruptcy Rules, the Local Rules of this Court, and such other orders as the Court may direct,

5    (ii) authorizing the retention of BDO as financial advisor to the Simo Committee, effective as of

6    April 7, 2011, on the terms and conditions set forth herein, with fees and expenses to be paid

7    pursuant to the Bankruptcy Rules, the Local Rules of this Court, and such other orders as the Court

8    may direct and (iii) granting such other and further relief as the Court deems necessary and just.

9    Dated:  April 15, 2011                          OFFICIAL COMMITTEE OF UNSECURED
                                                        CREDITORS OF NO FEAR RETAIL
10                                                      STORES, INC.

11

12                                                      By: _____

13                                                      Bill Bussiere
                                                        La Jolla Group
14                                                      Solely In His Capacity As Committee
                                                        Representative

15            -  -and –

16

17    Dated:  April 15, 2011                         OFFICIAL COMMITTEE OF UNSECURED
                                                        CREDITORS OF SIMO HOLDINGS, INC.
18

19

20                                                      By: _____
                                                        Laith Haisha
21                                                      Jido & Juniar, Inc.
                                                        Solely In His Capacity As Committee Chair

22

23

24

25

26

27

28

60982-002\DOCS_LA:235497.3                        7

1    **WHEREFORE,** the Committee respectfully request that this Court enter an Order (i)

2    authorizing the retention of BDO as financial advisor to the NFRS Committee, effective as of March

3    28, 2011, on the terms and conditions set forth herein, with fees and expenses to be paid pursuant to

4    the Bankruptcy Rules, the Local Rules of this Court, and such other orders as the Court may direct,

5    (ii) authorizing the retention of BDO as financial advisor to the Simo Committee, effective as of

6    April 7, 2011, on the terms and conditions set forth herein, with fees and expenses to be paid

7    pursuant to the Bankruptcy Rules, the Local Rules of this Court, and such other orders as the Court

8    may direct and (iii) granting such other and further relief as the Court deems necessary and just.

9    Dated: April 15, 2011                                OFFICIAL COMMITTEE OF UNSECURED
                                                          CREDITORS OF NO FEAR RETAIL
10                                                        STORES, INC.

11

12                                                        By: _____
                                                              Bill Bussiere
13                                                            La Jolla Group
                                                              Solely In His Capacity As Committee
14                                                            Representative

15                       -  -and --

16

17   Dated: April 15, 2011                                OFFICIAL COMMITTEE OF UNSECURED
                                                          CREDITORS OF SIMO HOLDINGS, INC.
18

19

20   By: _____
         Laith Hasha
21       Jido & Juniar, Inc.
         Solely In His Capacity As Committee Chair

22

23

24

25

26

27

28

## DECLARATION OF WILLIAM CREELMAN

I, William Creelman, declare and state as follows:

1.    I am a Managing Director of BDO USA, LLP ("BDO" or the "Firm").

2.    I make this declaration in support of the application (the "Application") filed by the Official Committee of Unsecured Creditors of No Fear Retail Stores, Inc. (the "NFRS Committee") and by the Official Committee of Unsecured Creditors of Simo Holdings, Inc.(the "Simo Committee", together rwith the NFRS Committee, the "Committees") to employ BDO as financial advisor to the Committees.

3.    BDO is an accounting, consulting and financial advisory firm which maintains offices at 3200 Bristol Street, Costa Mesa, California 92626, and other locations throughout the United States.  BDO's professionals have extensive familiarity with the accounting practices in insolvency matters in the bankruptcy courts in the Southern District of California and in other states.

4.    The services to be rendered by BDO in this case are, among other things, the following:

(a) Analyze the financial operations of the Debtors pre and post-petition, as necessary;

(b) Analyze the financial ramifications of any proposed transactions for which the Debtors seek Bankruptcy Court approval including, but not limited to, post-petition financing, sale of all or a portion of the Debtors' assets, critical vendor payments, retention of management and/or employee incentive and severance plans;

(c) Conduct any requested financial analysis including, but not limited to, verifying the material assets and liabilities of the Debtors, as necessary, and their values and analyzing cash flow and liquidity;

(d) Assist the Committees in their review of monthly statements of operations submitted by the Debtors;

(e) Perform claims analysis for the Committees;

(f) Assist the Committees in their evaluation of the Debtors' cash flow and/or other projections prepared by the Debtors;

(g) Scrutinize cash disbursements on an on-going basis for the period subsequent to the commencement of these cases;

(h) Perform forensic investigating services, as requested by the Committees and counsel, regarding pre-petition activities of the Debtors in order to identify potential causes of action, including investigating intercompany transfers, improvements in position, and fraudulent transfers;

(i) Analyze transactions with insiders, related and/or affiliated companies;

1    (j)  Analyze transactions with the Debtors' financing institutions;

2    (k) Monitor and evaluate any of the Debtors' efforts to raise DIP financing and/or sell the companies;

3

4    (l)  Attend meetings of creditors and conference with representatives of the creditor groups and their counsel;

5    (m)Attend any auctions of the Debtors' assets;

6    (n) Assist the Committees in their review of the financial aspects of any plans of reorganization or liquidation submitted by the Debtors or other parties and perform any related analyses, specifically including liquidation analyses and feasibility analyses and evaluate exit strategies;

7

8    (o) Assist counsel in preparing for any depositions and testimony, as well as prepare for and provide expert testimony at depositions and court hearings, as requested; and

9

10    (p) Perform other necessary services as the Committees or the Committees' counsel may request from time to time with respect to the financial, business and economic issues that may arise.

11

12    5.     BDO has agreed to an initial monthly fee budget of $65,000 per month for the first

13  three months (the "Initial Monthly Fee") and then $50,000 per month thereafter (the "Final Monthly

14  Fee"). The Initial Monthly Fee and the Final Monthly Fee shall include fees for all services rendered

15  by both BDO and BDO Capital (as defined in the Application) to or for the benefit of the

16  Committees, except as detailed below, but shall not include reimbursement of expenses. Any

17  services related to preparing for and attending any adversary proceedings and contested matters that

18  would require BDO to provide expert report(s) and testimony in compliance with Rule 26 of the

19  Federal Rules of Civil Procedure shall be billed at normal hourly rates and not subject to the Initial

20  Monthly Fee or Final Monthly Fee limitations. The Debtors' estates shall reimburse BDO for its

21  fees and expenses.

22    6.     BDO understands that any compensation or reimbursement of expenses paid to BDO

23  must be approved by this Court upon application consistent with the Bankruptcy Code, the

24  Bankruptcy Rules, the Local Rules of this Court and any administrative or other order concerning

25  professional compensation and reimbursement entered in these proceedings. Pursuant to section 331

26  of the Bankruptcy Code, BDO will apply not more than once every 120 days  for compensation on

27  an interim basis of its fees and expenses, unless the Court enters an order permitting all professionals

28

1   to submit compensation for services sooner pursuant to the terms of an interim compensation

2   procedures order.

3         7.     In addition, BDO reserves the right, with the Committees' support and approval, to

4   seek additional compensation for fees incurred relating to services rendered to or for the benefit of

5   the Committees, the amount of which exceeds the Initial Monthly Fee or the Final Monthly Fee .

6   Any such request by BDO will be made only in its final application for allowance of fees and

7   expenses in this case.  The hourly billing rates as of the date of this Declaration are as follows, but

8   subject to change in the ordinary course of BDO's business:

| | |
|---|---|
| Partners/Managing Directors | $500 to $800 per hour |
| Directors & Sr. Managers | $350 to $600 per hour |
| Managers | $275 to $395 per hour |
| Seniors | $200 to $350 per hour |
| Staff | $150 to $225 per hour |

14         8.     These rates are subject to periodic review and adjustment.  To the extent that the

15   services of other (i.e., non-bankruptcy) members, associates and staff of the firm are utilized, their

16   hourly billing rates will be consistent with the rates of those listed above who have similar

17   experience and seniority.

18         9.     Further, BDO periodically utilizes the specialized services of independent contractors

19   ("IC") in its engagements.  If BDO determines such services are necessary, BDO will require the IC

20   to execute and file a separate Federal Rule of Bankruptcy Procedure 2014 declaration disclosing and

21   relationships the IC may have with the Debtors and other parties-in-interest and indicating that the

22   IC is disinterested.  Any agreement between BDO and an IC will require that the IC is and remain

23   disinterested, as that term is defined in the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

24   Rules") and Title 11 of the United States Code (the "Bankruptcy Code"), while BDO is employed by

25   the Committees.  It is BDO's normal practice to charge for an IC's time at a rate commensurate with

26   a BDO employee with similar skills and experience.  This rate generally exceeds the compensation

27   paid to the IC.

10. Further, if certain services are requested by the Committees, BDO may utilize personnel employed by one or more affiliated entities ("BDO Affiliates") including BDO Consulting Corporate Advisors, LLC ("BCCA") and BDO Capital Advisors, LLC ("BDO Capital"), both direct or indirect wholly-owned subsidiaries of BDO. Employees of BDO Affiliates, including BCCA and BDO Capital, if billed at an hourly rate, will be billed at rates within the ranges specified herein and be commensurate with the employee's experience.

11. BDO represents that the Firm has received no retainer from the Debtors or the Committees or any payment during the one year period prior to the filing of Debtors' petitions. No compensation has been paid or promised to be paid from a source other than the estate in this case. Neither the Committees nor their members (or any of their representatives) are or will be liable for fees or costs incurred by BDO in its representation of the Committees. BDO does not have a retention agreement with the Committees. The terms of BDO's retention are as set forth in this Application.

12. BDO has made the following investigation of disinterestedness prior to submitting this Declaration. BDO has undertaken a full and thorough review of its computer data base which contains the names of clients and other parties interested in particular matters. The Firm requires all of its professionals, before accepting the representation of a new client, or the representation of an existing client in a new matter, to perform a conflicts check through the BDO data base and to enter into that data base conflict information regarding new clients or new matters. Thus, a review of said computerized data base should reveal any and all actual or potential conflicts of interest with respect to any given representation. In particular, an employee of the Firm, under my supervision, ran the Debtor's name, the names of its affiliates, landlord, secured creditors, board of directors and officers, equity investors, the twenty (20) largest unsecured creditors, through the Firm's data base and found no potential conflict.

13. BDO has performed and may be presently performing accounting, tax or consulting services unrelated to the Affected Debtors for the following creditors or other parties of interest: (i) Wasserman Media Group, LLC; (ii) Irvine Properties, Inc.; and (iii) Stoneridge Realty & Investment, Inc. Fees for each of these engagements represent less than 1.0% of BDO's annual

1    revenues, and, to the best of my knowledge, relate to matters totally unrelated to the case for which

2    BDO is seeking to be engaged  Fees for each of these engagements represent less than 1.0% of

3    BDO's annual revenues, and, to the best of my knowledge, relate to matters totally unrelated to the

4    case for which BDO is seeking to be engaged.

5         14.    In addition, Irvine Properties, Inc. holds the lease of BDO's offices in Orange County

6    and San Diego.

7         15.    BDO represented, represents, and in the future will likely represent many committees

8    in matter unrelated to the Debtors and these cases, whose members may be creditors and/or

9    committee members in these cases.  The Firm, however, is not representing any of those entities in

10    these chapter 11 cases, and will not represent any members of these committees in any claims that

11    they may have collectively or individually against the Debtors.

12         16.    BDO has represented or represents committees, debtors, or other entities in chapter 11

13    matters unrelated to the Debtors in which the other professional retained in these Chapter 11 cases,

14    are involved.

15         17.    BDO has represented and in the future will likely represent creditors of the Debtors in

16    connection with matters unrelated to the Debtors and these Chapter 11 cases.  At this time, the Firm

17    is not aware of any such representations.  If the Firm identifies any such representations, the Firm

18    shall make disclosures as may be appropriate at that time.

19         18.    BDO is not, and has never been a creditor, and equity security holder or an insider of

20    the Debtors.

21         19.    BDO is not and has never been an investment banker for any outstanding security of

22    the Debtors.

23         20.    BDO is not, and was not, within three (3) years before the date of the filing of the

24    petition herein, an investment banker for a security of the Debtors, or an attorney for such

25    investment banker in connection with the offer, sale or issuance of any security of the Debtors.

26         21.    BDO is not, and was not, within two (2) years before the date of the filing of the

27    petition herein, a director, officer or employee of the Debtors or of any investment banker for any

28    security of the Debtors.

22.     BDO neither holds nor represents an interest materially adverse to the interests of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or an investment banker for any security of the Debtors, or for any other reason.

23.     BDO will track work performed on behalf of each Committee to the extent that tasks are performed solely for one Committee, and will bill each estate directly for such services rendered on behalf of the applicable Committee.  However, where BDO's services are rendered for both Committees, BDO will allocate fees and expenses to each estate on a 50%/50% basis or some other allocation to be agreed upon by BDO and the Committees depending on the nature of the work performed, which allocation will be set forth with notice to all parties in BDO's fee application.  As BDO's compensation is based on a flat monthly fee (the Initial Monthly Fee and Final Monthly Fee) plus expenses, BDO will allocate to each estate a portion of its pro-rated portion of the flat monthly fee and expenses based upon the total number of hours worked for the benefit of each estate.  Notwithstanding any allocation of fees and expenses for work performed on behalf of both estates, both Debtors' estates shall be jointly and severally liable for all of BDO's fees and expenses for such shared services.

24.     Finally, to the extent that any conflicts may arise between the Simo Committee and the NFRS Committee, the Simo Committee will retain a separate financial advisor to the extent required via a separate retention application to serve as conflicts counsel with respect to potential conflicts between the two Committees.

25.     BDO is familiar with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and shall comply with them.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 15th day of April, 2011 at Costa Mesa. California.

_____
William Creelman

# ATTACHMENT

CSD 1001A [11/15/04]
Name, Address, Telephone No. & I.D. No.
Jeffrey N. Pomerantz (CA Bar No. 143717)
Jeffrey W. Dulberg (CA Bar No. 181200)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760

## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re

NO FEAR RETAIL STORES, INC., a California corporation, SIMO HOLDINGS INC., a California corporation and NO FEAR MX, INC., a California corporation,

Debtor.

BANKRUPTCY NO. 11-02896-MM11

Date of Hearing:
Time of Hearing:
Name of Judge: Honorable Margaret Mann

## ORDER ON

**APPLICATION FOR AN ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT OF BDO USA, LLP AS FINANCIAL ADVISOR FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF NO FEAR RETAIL STORES, INC. NUNC PRO TUNC TO MARCH 28, 2011, AND AS FINANCIAL ADVISOR FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF SIMO HOLDINGS, INC. NUNC PRO TUNC TO APRIL 7, 2011**

IT IS ORDERED THAT the relief sought as set forth on the continuation pages attached and numbered two (2)

through __2__ with exhibits, if any, for a total of __2__ pages, is granted.  Motion/Application Docket Entry No. _____

//

//

//

//

//

//

DATED: _____

_____
Judge, United States Bankruptcy Court

Signature by the attorney constitutes a certification under Fed. R. of Bankr. P. 9011 that the relief in the order is the relief granted by the court.

Submitted by:

Pachulski Stang Ziehl & Jones LLP
(Firm name)

By: /s/ Jeffrey W. Dulberg
Attorney for ☑ Movant ☐ Respondent

CSD 1001A

**CSD 1001A** [11/15/04] **(Page 2)**
ORDER ON  APPLICATION FOR AN ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT OF BDO USA, LLP AS FINANCIAL ADVISOR FOR THE OFFICIAL COMMITTEE OF
DEBTOR: NO FEAR RETAIL STORES, INC., a California corporation, SIMO HOLDINGS INC., a      CASE NO: **11-02896-MM11**
          California corporation and NO FEAR MX, INC., a California corporation,

THE MOTION IS GRANTED.

The No Fear Retail Stores, Inc. Committee is authorized and empowered to employ and retain BDO USA, LLP as financial advisor for the Committee nunc pro tunc to March 28, 2011.

The Simo Holdings, Inc. Committee is authorized and empowered to employ and retain BDO USA, LLP as financial advisor for the Committee nunc pro tunc to April 7, 2011.

BDO shall be compensated in accordance with the terms set forth in the Application and the procedures set forth in sections 330 and 331 of the Bankruptcy Code, such Bankruptcy Rules and Local Bankruptcy rules as may then be applicable form time to time, and such procedures as may be fixed by order of this Court.

**PROOF OF SERVICE**

STATE OF CALIFORNIA          )
                             )
COUNTY OF LOS ANGELES        )


I, Mary de Leon, am employed in the city and county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 10100 Santa Monica Blvd., 11th Floor, Los Angeles, California  90067-4100.

On April 18, 2011, I caused to be served the **APPLICATION FOR AN ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT OF BDO USA, LLP AS FINANCIAL ADVISOR FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF NO FEAR RETAIL STORES, INC. NUNC PRO TUNC TO MARCH 28, 2011; AND AS FINANCIAL ADVISOR FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF SIMO HOLDINGS, INC., NUNC PRO TUNC TO APRIL 7, 2011; DECLARATIONS IN SUPPORT THEREOF** in this action by placing a true and correct copy of said document(s) in sealed envelopes addressed as follows:

*PLEASE SEE ATTACHED SERVICE LIST*

☑ (BY MAIL) I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ (BY EMAIL) I caused to be served the above-described document by email to the parties indicated on the attached service list at the indicated email address.

☑ (BY NOTICE OF ELECTRONIC FILING) I caused to be served the above-described document by means of electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, for parties and/or counsel who are registered ECF Users.

☐ (BY FAX) I caused to be transmitted the above-described document by facsimile machine to the fax number(s) as shown.  The transmission was reported as complete and without error.  (Service by Facsimile Transmission to those parties on the attached List with fax numbers indicated.)

☐ (BY OVERNIGHT DELIVERY) By sending by          to the addressee(s) as indicated on the attached list.

I declare that I am employed in the office of a member of the bar of this Court at whose direction was made.

Executed on April 18, 2011, at Los Angeles, California.

*/s/ Mary de Leon*
Mary de Leon

## ADDITIONAL SERVICE LIST:

**11-02896-MM11 Notice will be electronically mailed to:**

Robert R. Barnes on behalf of Creditor Landlords Affiliated with General Growth Properties
bbarnes@allenmatkins.com, bcrfilings@allenmatkins.com

Jeffrey D. Cawdrey on behalf of Creditor Jido & Juniar, Inc.
jcawdrey@gordonrees.com, ebojorquez@gordonrees.com

Jeffrey W. Dulberg on behalf of Creditor Committee Official Committee of Unsecured Creditors of No Fear Retail Stores, Inc.
jdulberg@pszjlaw.com

Christine Fitzgerald on behalf of Creditor FMF Racing
cfitzgerald@scckg.com

Thomas M. Geher on behalf of Interested Party Ultimate Brand Management, LLC
tmg@jmbm.com

Jeffrey Goodfried on behalf of Creditor 5060 Montclair Plaza Lane Holdings, LLC
jgoodfried@perkinscoie.com

Charles B. Harris on behalf of Creditor Robin Houston
charris@airlegal.net, ls@harris.sdcoxmail.com

Sue J. Hodges on behalf of Creditor Credit Cash NJ, LLC
sue.hodges@klgates.com

Mark S. Hoffman on behalf of Creditor LFP Apparel, LLC
mshllh@aol.com

Haeji Hong on behalf of United States Trustee United States Trustee
Haeji.Hong@usdoj.gov, USTP.Region15@usdoj.gov;shannon.m.vencill@usdoj.gov;tiffany.l.carroll@usdoj.gov

Brian D. Huben on behalf of Creditor The Macerich Company
brian.huben@kattenlaw.com, carole.levine@kattenlaw.com

David S. Kupetz on behalf of Debtor No Fear MX, Inc.
dkupetz@sulmeyerlaw.com

Jeffrey N. Pomerantz on behalf of Creditor Committee Official Committee of Unsecured Creditors of No Fear Retail Stores, Inc.
jpomerantz@pszjlaw.com, scho@pszjlaw.com

Daniel Silva on behalf of Creditor Jido & Juniar, Inc.
dsilva@gordonrees.com

United States Trustee
ustp.region15@usdoj.gov

Steven F. Werth on behalf of Debtor No Fear MX, Inc.
swerth@sulmeyerlaw.com

Dennis J. Wickham on behalf of Creditor Cobra-Blackmore, LP
wickham@scmv.com, havard@scmv.com

## 11-02896-MM11 Notice will be sent via U.S. mail to:

Office of the U.S. Trustee
Haeji Hong
Office of the U.S. Trustee
402 West Broadway, Suite 600
San Diego, CA 92101

Office of the U.S. Trustee
Lorraine Green, Analyst
Office of the U.S. Trustee
402 West Broadway, Suite 600
San Diego, CA 92101

Debtors
No Fear Retail Stores, Inc.
No Fear MX, Inc.
Simo Holdings, Inc.
1812 Aston Avenue
Carlsbad, CA 92008

Attys for Debtors
David S. Kupetz, Esq.
Steven F. Werth, Esq.
333 South Hope Street, 35th Floor
Los Angeles, CA 90071

Taxing Authorities
Internal Revenue Service
Post Office Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Service
Insolvency Group 1
880 Front Street
San Diego, CA 92101

Creditors Committee
No Fear Mx, Inc.
J2 LLC
Attn: Jeff Surwall
1812 Aston Avenue
Carlsbad, CA 92013

Silver Triangle Industries
Attn: Jorge Navarro
11211 Sorrento Valley Rd., Suite 1
San Diego, CA 92121

Jerome Mage
Josh Kritman
Mage Design LLC
2922 Pico Blvd.
Santa Monica, CA 90405

Creditors Committee
No Fear Retail Stores, Inc.
Reno Retail Company, LLC
Attn: Jeffrey M. Pomery
2222 Arlington Avenue
Birmingham, AL 35205

La Jolla Group
Attn: Bill Busierre
14350 Myford Road
Irvine, CA 92606

SRH Productions, Inc.
Attn: Ryan White
2826 La Mirada Drive, Ste B
Vista, CA 92081

Creditors Committee
Simo Holdings, Inc.
Rogers Sports Management Group
dba Factory Direct International
337 S. Main Street
Findlay, OH 45839-0773

FMF Racing a California Corp.
Barry R. Gore/Christine M. Fitzgerald
Smith Campbell Clifford Kearney Gore
3424 Carson Street, Suite 350
Torrance, CA 90503

Jido & Juniar, Inc.
Laith Haisha, CEO
6214 Topiary Street
Carlsbad, CA 92009

Attys for Centro Independence LLC
Joel F. Crystal, Esq.
VP, Corporate Legal Services
420 Lexington Avenue, 7th Floor
New York, NY 10170

Attys for Westfield, LLC and
The Macerich Company
Thomas J. Leanse/Brian D. Huben
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012

Special Notice

Attys for Jido & Juniar, Inc.
Jeffrey D. Cawdrey, Esq.
Daniel C. Silva, Esq.
Gordon & Rees, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Attys for La Jolla Group, Inc.
Benjamin Seigel, Esq.
Buchalter Nemer
1000 Wilshire Blvd., Suite 1500
Los Angeles, CA 90017-2457

Attys for Landlords Affiliated with
General Growth Properties
Robert R. Barnes, Esq.
Allen Matkins Leck Gamble Mallory Natsis
501 West Broadway, 15th Floor
San Diego, CA 92101

Attys for Landlords Affiliated with
General Growth Properties
William W. Huckins/Ivan M. Gold
Allen Matkins Leck Gamble Mallory Natsis
Three Embarcadero Center, 12th Floor
San Francisco, CA 94111

Attys for The Irvine Company
Ernie Zachary Park, Esq.
Bewley, Lassleben & Miller, LLP
13215 E. Penn Street, Suite 510
Whittier, CA 90602-1797

Attys for Credit Cash NJ, LLC
Sue J. Hodges, Esq.
K&L Gates LLP
3580 Carmel Mountain Road, Suite 200
San Diego, CA 92130

Heather Moates
4306 Horizon Dr.
Carlsbad, CA  92008-3652

Attys for Coba-Blackmore, LP
Dennis J. Wickham, Esq.
Seltzer Caplan McMahon Vitek
2100 Symphony Towers
750 B. Street
San Diego, CA  92101

Hilco Brands, LLC
5 Revere Drive
Suite 206
Northbrook, IL  60062

Simon Property Group, Inc.
Attn:  Ronald M. Tucker, Esq.
225 West Washington Street
Indianapolis, IN  46204

Joel F. Crystal, Esq.
Centro Properties Group
420 Lexington Avenue, 7th Floor
New York, NY 10170

Christine R. Etheridge
Ikon Financial Services
Bankruptcy Administration
1738 Bass Road
PO Box 13708
Macon, GA  31208-3708

Attys for Heather Moates
John O. Cronin, Esq.
Cronin & Cronin
225 East Third Avenue
Escondido, CA  92025-4203

Nicole Kelley
A/R Supervisor
Orange 21 North America Inc.
2070 Las Palmas Drvie
Carlsbad, CA  92011

William Creelman
Alexander O. Koles
BDO USA, LLP
3200 Bristol Street
Costa Mesa, CA  92626

Attys for Secured Creditor
5060 Montclair Plaza Lane Holdings, LLC
Jeffrey S. Goodfried, Esq.
Perkins Coie LLP
1888 Century Park East, Suite 1700
Los Angeles, CA  90067

Attys for LFP Apparel, LLC
Jonathan Brown, Esq.
Lipsitz Green Scime Cambria LLP
42 Delaware Avenue, Suite 300
Buffalo, New York  14202

Attys for Ultimate Brand Management
Thomas M. Geher, Esq.
Jeffer Mangels Butler & Mitchell LLP
1900 Avenue of the Stars, Seventh Floor
Los Angeles, CA  90067-4308

Kristen Pate
GGP Limited Partnership
110 North Wacker Drive
Chicago, IL  60606

Matthew B. Venturi
Josh Garver
Venturi & Company, LLC
345 Lorton Avenue, Suite 105
Burlingame, CA  94010

Tulare County Tax Collector
Attn:  Martina Ceballos, Deputy Tax Collector
221 S. Mooney Blvd., Room 104-E
Visalia, CA  93291-4593

Attys for 1903 Onshore Funding
(Gordon Bros.)
Van C. Durrer II/Ramon M. Naguiat
Skadden, Arps
300 South Grand Avenue, Suite 3400
Los Angeles, CA  90071

Attys for LFP Apparel, LLC
Mark S. Hoffman, Esq.
Erika L. Mansky, Esq.
Labowe, Labowe & Hoffman, LLP
1631 West Beverly Blvd., Second Floor
Los Angeles, CA  90026-5746