David S. Kupetz (CA Bar No. 125062)
    dkupetz@sulmeyerlaw.com
Steven F. Werth (CA Bar No. 205434)
    swerth@sulmeyerlaw.com
**Sulmeyer**Kupetz
A Professional Corporation
333 South Hope Street, Thirty-Fifth Floor
Los Angeles, California  90071-1406
Telephone:  213.626.2311

Bankruptcy Counsel for No Fear Retail Stores, Inc. Simo Holdings, Inc, and No Fear MX, Inc., Debtors and Debtors in Possession

# UNITED STATES BANKRUPTCY COURT

## Southern District of California

| | |
|---|---|
| In re<br><br>NO FEAR RETAIL STORES, INC., a California corporation, SIMO HOLDINGS, INC., a California corporation, and NO FEAR MX, INC., a California corporation,<br><br><br>Related Debtors.<br><br><br><br>Employer ID Nos. 20-5238208, 93-1037856, 26-0432196 | Case No.  11-02896-MM11<br><br>(Jointly Administered with Case Nos. 11-02897-MM11; 11-02898-MM11)<br><br>Chapter 11 Cases<br><br>**MOTION OF DEBTORS AND DEBTORS IN POSSESSION FOR ORDER APPOINTING GEORGE BLANCO AS CHIEF RESTRUCTURING OFFICER; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF MARK SIMO AND GEORGE BLANCO IN SUPPORT THEREOF**<br><br>DATE:   May 5, 2011<br>TIME:    3:00 p.m.<br>PLACE: U.S. Bankruptcy Court<br>          325 West "F" Street<br>          San Diego, CA 92101 |

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA  90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

TO THE HONORABLE MARGARET M. MANN, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, SECURED CREDITORS OF RECORD, THE OFFICIAL COMMITTEES OF UNSECURED CREDITORS IN THESE CASES AND THEIR COUNSEL, AND PARTIES ENTITLED TO NOTICE:

## MOTION

Through this Motion (the "Motion"), No Fear Retail Stores, Inc. ("NFRS"), Simo Holdings, Inc. ("Simo Holdings"), and No Fear MX, Inc. ("NFMX", and together with NFRS and Simo Holdings, the "Debtors"), debtors and debtors in possession in the above-captioned cases, hereby move this Court for an order approving the Debtors' appointment of George Blanco ("Mr. Blanco") of Avant Advisory Group as Chief Restructuring Officer ("CRO") of the Debtors, with Avant Advisory Group to provide additional related services to the Debtors as appropriate.

The Debtors seek the appointment of George Blanco and Avant Advisory Group (together "Avant") as CRO with the consent of, and after consulting with, the Official NFRS/Simo Committees of Unsecured Creditors of NFRS and Simo Holdings (collectively, the "NFRS/Simo Committees") and in furtherance of the terms of Financing Order (defined below).  The NFRS/Simo Committees requested that the Debtors appoint a CRO in consideration of the NFRS/Simo Committees' support of the Company's motion to for approval of post-petition financing, and even prior to such requests the Debtors were considering such appointment.

Avant is a nationally known turnaround expert with extensive experience in restructuring companies and serving as chief restructuring officer of debtors.  The services to be provided by Avant will supplement those provided by the Debtors' management.  Avant will not replace the Debtors' management or the Debtors'

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1    boards of directors (the "Boards of Directors").  The responsibilities, authority, and

2    powers of the Boards of Directors and of the Debtors' management will continue in

3    accordance with applicable corporate governance law and will be unaffected by

4    the appointment of Avant.

5         The Debtors do not seek to employ Avant as a professional in these cases.

6    The Debtors seek authorization to make payments to Avant pursuant to an

7    engagement letter attached hereto as **Exhibit "1"** (the "Avant Agreement").

8         This Motion is made pursuant to 11 U.S.C. §§ 105 and 363 on the grounds

9    that, in the exercise of their business judgment, the Debtors believe that the

10   appointment of a CRO in these cases is reasonable and in the best interests of the

11   Debtors, creditors and the estates.  Avant  is a disinterested party, is highly

12   competent, and its services would greatly benefit the estates.  Further, the

13   NFRS/Simo Committees have conditioned their approval of the Debtors' proposed

14   debtor-in-possession financing, as reflected in the Financing Order, on the

15   Company's appointment of a CRO. The NFRS/Simo Committees have consented

16   to the appointment of Avant as CRO in accordance with the terms of Avant

17   Agreement.

18        This Motion is based on this Motion, the concurrently-filed notice of hearing

19   on the Motion, the accompanying Memorandum of Points and Authorities and

20   Declarations of Mark Simo and George Blanco, the exhibits attached to this

21   Motion, the record in these cases, any other facts or documents that may be

22   judicially noticed, and such other and further evidence and argument that may be

23   presented to this Court regarding this Motion.

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

SWERTH\ 714409.3                                    2

1    **WHEREFORE**, the Debtors respectfully request that this Court enter an

2    Order:  (1) granting this Motion; (2) approving the appointment of George Blanco

3    as CRO of the Debtors pursuant to the terms of the Avant Agreement attached

4    hereto as Exhibit "1"; and (3) providing such other and further relief as is proper.

5    Dated: April 20, 2011                    Respectfully submitted,
                                              **Sulmeyer**Kupetz
6                                             A Professional Corporation

7

8                                             By: _____

9                                                 Steven F. Werth
                                                  Bankruptcy Counsel for No Fear Retail
10                                                Stores, Inc. Simo Holdings, Inc, and No
                                                  Fear MX, Inc., Debtors and Debtors in
11                                                Possession

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1    <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2    The Debtors hereby submit the following Memorandum of Points and

3    Authorities in support of the foregoing Motion.[1]

4    **I.**

5    <u>**INTRODUCTION**</u>

6    This Motion seeks entry of an order appointing Mr. Blanco of Avant Advisory

7    Group (<u>www.advantadvisory.com</u>) (together, "Avant") as CRO of the Debtors.

8    Avant will advise the Boards of Directors of the Debtors and supplement the work

9    currently being performed by the Debtors' management.  Avant's express duties

10   will not supplant the function or role of the Boards of Directors or management of

11   the Debtors.  Avant will serve at the discretion of Boards of Directors, and Avant's

12   retention can be terminated by the Boards of Directors in their discretion.  In

13   accordance with the terms of the Superpriority Debtor-in-Possession Credit

14   Agreement among the Debtors and 1903 Onshore Funding, LLC, the Debtors

15   have agreed to replace Avant should it become incapacitated.

16   The Motion is consistent with the agreement the Debtors reached with the

17   NFRS/Simo Committees as summarized in this Court's "Order On Motion Of

18   Debtors And Debtors In Possession For Order Authorizing Debtors To Enter Into

19   Debtor In Possession Credit Facility With Hilco Brands, LLC And Infinity FS

20   Brands, LLC" entered by this Court on March 7, 2011 [Docket #145] (the

21   "Financing Order"), a true and correct copy of which is attached hereto (without

22   exhibits) as **Exhibit "2"**.  The Financing Order recites in essence that (1) the

23   Debtors will seek the appointment of a CRO, (2) the Debtors will obtain the

24   consent of the NFRS/Simo Committees before filing a motion to appoint a CRO,

25   and (3) the CRO's engagement will commence no later than April 13, 2011.  The

26   

27   [1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

28

1 | Debtors have met all of these requirements and it is in connection therewith that

2 | the Debtors file the instant Motion.

3 | II.

4 | ## FACTS

5 | A.    The Debtors and These Jointly Administered Cases

6 | The Debtors are the debtors in possession in the above-captioned jointly

7 | administered chapter 11 reorganization cases pending before this Court.  The

8 | Debtors commenced these cases by filing voluntary chapter 11 petitions on

9 | February 24, 2011.  The Debtors remain in possession of their assets and are

10 | debtors in possession pursuant to 11 U.S.C. §§ 1101(1), 1107(a) and 1108.

11 | On March 4, 2011, this Court entered an order providing for joint

12 | administration of the chapter 11 cases of NFRS (Bankruptcy Case No. 11-02896-

13 | MM11), Simo Holdings (Bankruptcy Case No. 11-02898-MM11), and NFMX

14 | (Bankruptcy Case No. 11-02897-MM11).

15 | NFRS, Simo Holdings, and NFMX are related entities that are operated and

16 | function together as a business enterprise that primarily involves the retail and

17 | wholesale sale of casual apparel and accessories as well as protective motocross

18 | equipment and licensing of intellectual property rights.  The Debtors currently

19 | operate 41 retail stores in seven different states.  The Debtors lease stores

20 | through leases executed by NFRS.

21 | Pursuant notices filed on March 22, 2001 (NFRS case), April 4, 2011 (Simo

22 | Holdings case), and April 5, 2011 (NFMX case), the office of the United States

23 | Trustee has appointed an unsecured creditors committee in each of the Debtor's

24 | chapter 11 cases.

25 | B.    Avant And The Avant Agreement

26 | The Debtors discussed potential CRO candidates with the NFRS/Simo

27 | Committees and received the NFRS/Simo Committees' consent to appoint Avant

28 | as CRO on April 12, 2011.  Because the agreement among the Debtors and the

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1   NFRS/Simo Committees was that the CRO begin providing services as of April 13,

2   2011, and Avant has already commenced providing services to the Debtors, the

3   Debtors have sought a hearing on shortened notice on this Motion.

4         Avant is highly qualified to act as CRO to the Debtors.  It is a consulting firm

5   specializing in advising troubled companies on the development and

6   implementation of solutions that result in returning businesses to operational

7   health.  George Blanco, a managing director of Avant, is a nationally known

8   turnaround expert with more than twenty-five years of experience in restructuring

9   companies and serving as a chief restructuring officer of debtors.  Mr. Blanco's

10  biography is attached hereto as **Exhibit "3"** and is incorporated herein by

11  reference.

12        The terms of the Avant Agreement are as follows:

13        1.      Avant will report directly to the Boards of Directors.  Mr. Blanco will be

14  the CRO of the Debtors and will render most of Avant's services to the Debtors.

15  Upon the mutual agreement of the Debtors and Avant, additional personnel of

16  Avant as appropriate and necessary also will perform services.  Avant will (a)

17  perform a comprehensive study and analysis of the business, operations, capital

18  structure, financial condition, projections (including cash flow and liquidity), and

19  short and long-term prospects of the Debtors; (b) assist Debtors' management in

20  the identification and execution of opportunities in the following areas: cost

21  reductions, operational improvements, working capital improvements, revenue

22  improvements and management personnel upgrades; (c) assist to develop

23  possible restructuring plans, plans of reorganization, or strategic alternatives for

24  maximizing the enterprise value of the Debtors, including maximizing the value of

25  the Debtors' various business lines; (d) assist with communications with creditors;

26  and (e) such other services as requested by the Boards of Directors.

27        2.      Services performed directly by Mr. Blanco will be billed at a rate not to

28  exceed $395 per hour (significantly less than Mr. Blanco's ordinary rate—*See*

SWERTH\ 714409.3                                    6

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1   Avant Agreement).  Additionally, Avant will be entitled to reimbursement of out-of-

2   pocket costs that may include, but are not limited to, photocopies, faxes,

3   telephone charges, computer support, printing costs, miscellaneous charges, etc.

4   A schedule of fee rates for professionals at Avant is listed in Avant Agreement

5   attached as Exhibit "1".  Upon the later of entry of an order approving this Motion

6   or funding of the Debtors' debtor-in-session loan from 1903 Onshore Funding,

7   LLC, the Debtors will wire $35,000 to Avant as an advance against Avant's fees,

8   which will be billed weekly in arrears.

9       3.    Avant's work product and communications with the Debtors will not be

10   disclosed to any other party without the consent of the Debtors.

11       4.    The Debtors agree to indemnify Avant, as discussed more fully in

12   paragraph 7 of Avant Agreement attached as Exhibit "1".

13       Avant will advise the Boards of Directors of the Debtors.  The services

14   provided by Avant will supplement and not replace or duplicate those provided by

15   the Debtors' existing management.  While experienced in managing and running

16   the Debtors' operations and possessing significant business and management

17   skills, the Debtors' management has neither the expertise in restructuring matters

18   that the Debtors require nor the time needed to properly meet the substantial

19   administrative burdens created by these chapter 11 cases.  The expertise,

20   experience and capabilities of Mr. Blanco and Avant will significantly enhance the

21   Debtors' opportunity to achieve a successful reorganization.  The services to be

22   rendered by Avant will assist and be coordinated with the services to be rendered

23   by professionals employed by the Debtors. Avant will serve at the discretion of the

24   Boards of Directors.

25

26

27

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

### III.

### <u>DISCUSSION</u>

A.    <u>Appointment of a Chief Restructuring Officer Under Pursuant To Section 105 and 363</u>

Section 105(a) of the Bankruptcy Code provides that the "Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  Courts have appointed CROs pursuant to Section 105 and Section 363 and have approved their compensation without need for further court order.  *See* In re The 1031 Tax Group, LLC, 2007 Bankr. LEXIS 2484 (Bankr. S.D.N.Y. July 17, 2007) (noting entry of multiple orders stating CRO is entitled to compensation and reimbursement of expenses on a monthly basis without further order of the court).  Here, similar treatment of Avant is appropriate, as Avant is a disinterested party, is highly capable to perform CRO services, and the services to be provided would be extremely beneficial to the Debtors.

Avant is a disinterested party.  Avant's selection was at arm's length after thorough consideration and was consented to by the NFRS/Simo Committees.  Neither Avant, Mr. Blanco, nor any other employee of Avant possess a claim against any of the estates, and none of them are otherwise financially interested in the outcome of the Debtors' bankruptcy cases.  *See* Declaration of George Blanco, ¶5, attached hereto. Further, other than retention as CRO, neither Avant, Mr. Blanco nor any other employee of Avant have any connection with the Debtors.

Further, Mr. Blanco is a highly-regarded restructuring officer and has successfully assisted debtors in numerous chapter 11 cases.  His retail-related experience is more fully identified in his biography attached as Exhibit "3".

Finally, the Debtors believe that the services of Avant would be extremely beneficial.  While experienced in managing and running the Debtors' operations and possessing significant business and management skills, the Debtors'

SWERTH\ 714409.3

8

1    management could effectively utilize the business turnaround skills of Avant.

2    Retaining Avant supplements the Debtors' management with regard to operations

3    with a resource that can help the Debtors meet the substantial administrative

4    burdens created by these chapter 11 cases and can provide restructuring and

5    reorganization experience and expertise to help develop and implement a

6    business strategy to successfully reorganize.  Such retention will not result in

7    duplication of effort.  To the contrary, a CRO will increase the Debtors'

8    effectiveness at planning and effectuating a successful reorganization of these

9    cases.

10                                    **IV.**

11                            <u>**CONCLUSION**</u>

12         Based upon the foregoing, the Debtors respectfully request that the Court

13    grant the Motion and authorize the retention of Avant on the terms of Avant

14    Agreement, effective as of April 13, 2011.

15    Dated:  April 19, 2011              **Sulmeyer**Kupetz
                                         A Professional Corporation
16

17

18    By:  _____
                Steven F. Werth
19              Bankruptcy Counsel for No Fear Retail
                Stores, Inc., No Fear MX, Inc., and Simo
20              Holdings, Inc., Debtors and Debtors in
                Possession
21

22

23

24

25

26

27

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

SWERTH\ 714409.3

## DECLARATION OF MARK SIMO

I, Mark Simo, declare:

1.      I am the CEO of No Fear Retail Stores, Inc. ("NFRS"), Simo Holdings, Inc. ("Simo Holdings"), and No Fear MX, Inc. ("NFMX", and together with NFRS and Simo Holdings, the "Debtors"), the debtors and debtors in possession in the above-captioned cases.  I have been the CEO of the Debtors since their formation, and have personal knowledge of the facts contained in this declaration. I can testify that said facts are true and correct.

2.      I make and execute this declaration in support of the "Motion Of Debtors And Debtors In Possession For Order Appointing George Blanco As Chief Restructuring Officer" (the "Motion").

3.      Capitalized terms not otherwise defined herein have the meanings given them in the Motion.

4.      The Debtors are the debtors in possession in the above-captioned jointly administered chapter 11 reorganization cases pending before this Court. The Debtors commenced these cases by filing voluntary chapter 11 petitions on February 24, 2011.  The Debtors remain in possession of their assets and are debtors in possession pursuant to 11 U.S.C. §§ 1101(1), 1107(a) and 1108.

5.      On March 4, 2011, this Court entered an order providing for joint administration of the chapter 11 cases of NFRS (Bankruptcy Case No. 11-02896-MM11), Simo Holdings (Bankruptcy Case No. 11-02898-MM11), and NFMX (Bankruptcy Case No. 11-02897-MM11).

6.      NFRS, Simo Holdings, and NFMX are related entities that are operated and function together as a business enterprise that primarily involves the retail and wholesale sale of casual apparel and accessories as well as protective motocross equipment and licensing of intellectual property rights.  The Debtors

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1    currently operate 41 retail stores in seven different states.  The Debtors lease

2    stores through leases executed by NFRS.

3         7.    Pursuant notices filed on March 22, 2001 (NFRS case), April 4, 2011

4    (Simo Holdings case), and April 5, 2011 (NFMX case), the office of the United

5    States Trustee has appointed an unsecured creditors committee in each of the

6    Debtor's chapter 11 cases.  The Committees have requested that the Debtors

7    appoint a CRO and even prior to such requests the Debtors were considering

8    such appointment.

9         8.    NFRS, Simo Holdings, and NFMX are related entities that are

10   operated and function together as a business enterprise that primarily involves the

11   retail and wholesale sale of casual apparel and accessories as well as protective

12   motocross equipment and licensing of intellectual property rights.  The Debtors

13   currently operate 41 retail stores in seven different states.  The Debtors lease

14   stores through leases executed by NFRS.

15        9.    This Motion seeks entry of an order appointing Mr. Blanco of Avant

16   Advisory Group (www.advantadvisory.com) (together, "Avant") as CRO of the

17   Debtors.  Avant will advise the Boards of Directors of the Debtors and supplement

18   the work currently being performed by the Debtors' management.  Avant's express

19   duties will not supplant the function or role of the Boards of Directors or

20   management of the Debtors.  Avant will serve at the discretion of Boards of

21   Directors, and Avant's retention can be terminated by the Boards of Directors in

22   their discretion.  In accordance with the terms of the Superpriority Debtor-in-

23   Possession Credit Agreement among the Debtors and 1903 Onshore Funding,

24   LLC, the Debtors have agreed to replace Avant should it become incapacitated.

25        10.    The Motion is consistent with the agreement the Debtors reached with

26   the NFRS/Simo Committees as summarized in this Court's "Order On Motion Of

27   Debtors And Debtors In Possession For Order Authorizing Debtors To Enter Into

28   Debtor In Possession Credit Facility With Hilco Brands, LLC And Infinity FS

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

SWERTH\ 714409.3

11

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1   Brands, LLC" entered by this Court on March 7, 2011 [Docket #145] (the

2   "Financing Order"), a true and correct copy of which is attached hereto (without

3   exhibits) as **Exhibit "2"**.  The Financing Order recites in essence that (1) the

4   Debtors will seek the appointment of a CRO, (2) the Debtors will obtain the

5   consent of the NFRS/Simo Committees before filing a motion to appoint a CRO,

6   and (3) the CRO's engagement will commence no later than April 13, 2011.  The

7   Debtors have met all of these requirements and it is in connection therewith that

8   the Debtors file the instant Motion.

9          11.     The Debtors discussed potential CRO candidates with the

10  NFRS/Simo Committees and received the NFRS/Simo Committees' consent to

11  appoint Avant as CRO on April 12, 2011.  Because the agreement among the

12  Debtors and the NFRS/Simo Committees was that the CRO begin providing

13  services as of April 13, 2011, and Avant has already commenced providing

14  services to the Debtors, the Debtors have sought a hearing on shortened notice

15  on this Motion.

16         12.     Avant is highly qualified to act as CRO to the Debtors.  It is a

17  consulting firm specializing in advising troubled companies on the development

18  and implementation of solutions that result in returning businesses to operational

19  health.  George Blanco, a managing director of Avant, is a nationally known

20  turnaround expert with more than twenty-five years of experience in restructuring

21  companies and serving as a chief restructuring officer of debtors.  Mr. Blanco's

22  biography is attached hereto as **Exhibit "3"** and is incorporated herein by

23  reference.

24         13.     The terms of the Avant Agreement are as follows:

25                a.     Avant will report directly to the Boards of Directors.  Mr. Blanco

26  will be the CRO of the Debtors and will render most of Avant's services to the

27  Debtors.   Upon  the  mutual  agreement  of  the  Debtors  and  Avant,  additional

28  personnel  of  Avant  as  appropriate  and  necessary  also  will  perform  services.

1    Avant will (a) perform a comprehensive study and analysis of the business,

2    operations, capital structure, financial condition, projections (including cash flow

3    and liquidity), and short and long-term prospects of the Debtors; (b) assist Debtors'

4    management in the identification and execution of opportunities in the following

5    areas: cost reductions, operational improvements, working capital improvements,

6    revenue improvements and management personnel upgrades; (c) assist to

7    develop possible restructuring plans, plans of reorganization, or strategic

8    alternatives for maximizing the enterprise value of the Debtors, including

9    maximizing the value of the Debtors' various business lines; (d) assist with

10   communications with creditors; and (e) such other services as requested by the

11   Boards of Directors.

12          b.      Services performed directly by Mr. Blanco will be billed at a rate

13   not to exceed $395 per hour (significantly less than Mr. Blanco's ordinary rate—

14   *See* Avant Agreement).    Additionally, Avant will be entitled to reimbursement of

15   out-of-pocket costs that may include, but are not limited to, photocopies, faxes,

16   telephone charges, computer support, printing costs, miscellaneous charges, etc.

17   A schedule of fee rates for professionals at Avant is listed in Avant Agreement

18   attached as Exhibit "1".   Upon the later of entry of an order approving this Motion

19   or funding of the Debtors' debtor-in-session loan from Gordon Brothers, the

20   Debtors will wire $35,000 to Avant as an advance against Avant's fees, which will

21   be billed weekly in arrears.

22          c.      Avant's work product and communications with the Debtors will

23   not be disclosed to any other party without the consent of the Debtors.

24          d.      The Debtors agree to indemnify Avant, as discussed more fully

25   in paragraph 7 of Avant Agreement attached as Exhibit "1".

26   14.    Avant will advise the Boards of Directors of the Debtors.   The services

27   provided by Avant will supplement and not replace or duplicate those provided by

28   the Debtors' existing management.   While experienced in managing and running

**SulmeyerKupetz,** A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1    the Debtors' operations and possessing significant business and management

2    skills, the Debtors' management has neither the expertise in restructuring matters

3    that the Debtors require nor the time needed to properly meet the substantial

4    administrative burdens created by these chapter 11 cases.  The expertise,

5    experience and capabilities of Mr. Blanco and Avant will significantly enhance the

6    Debtors' opportunity to achieve a successful reorganization.  The services to be

7    rendered by Avant will assist and be coordinated with the services to be rendered

8    by professionals employed by the Debtors. Avant will serve at the discretion of the

9    Boards of Directors.

10         15.    Avant is a disinterested party.  Avant's selection was at arm's length

11   after thorough consideration and was consented to by the NFRS/Simo

12   Committees.

13         16.    Further, Mr. Blanco is a highly-regarded restructuring officer and has

14   successfully assisted debtors in numerous chapter 11 cases.  His retail-related

15   experience alone includes twenty-two companies which are more fully identified in

16   his biography attached as Exhibit "3".

17         17.    I believe that the services of Avant would be extremely beneficial.

18   While experienced in managing and running the Debtors' operations and

19   possessing significant business and management skills, the Debtors' management

20   could effectively utilize the business turnaround skills of Avant.  Retaining Avant

21   supplements the Debtors' management with regard to operations with a resource

22   that can help the Debtors meet the substantial administrative burdens created by

23   these chapter 11 cases and can provide restructuring and reorganization

24   experience and expertise to help develop and implement a business strategy to

25   successfully reorganize.  Such retention will not result in duplication of effort.

26   / / /

27   / / /

28   / / /

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

SWERTH\ 714409.3

1  To the contrary, a CRO will increase the Debtors' effectiveness at planning and

2  effectuating a successful reorganization of these cases.

3      I declare under penalty of perjury that the foregoing is true and correct and

4  that this declaration was executed on April 20, 2011, at Carlsbad, California.

Mark Simo

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

SWERTH 714409.3

## DECLARATION OF GEORGE BLANCO

I, George Blanco, declare:

1.    I have personal knowledge of the facts contained in this declaration. I can testify that said facts are true and correct.

2.    I make and execute this declaration in support of the "Motion Of Debtors And Debtors In Possession For Order Appointing George Blanco As Chief Restructuring Officer" (the "Motion").

3.    Capitalized terms not otherwise defined herein have the meanings given them in the Motion.

4.    I am qualified to act as CRO to the Debtors. I am the Managing Director of Avant Advisory Group (www.avantadvisory.com), a consulting firm specializing in advising troubled companies on the development and implementation of solutions that result in returning businesses to operational health ("Avant"). I am a nationally known turnaround expert with more than twenty-five years of experience in restructuring companies and serving as a chief restructuring officer of debtors. My biography is attached hereto as **Exhibit "3"** and is incorporated herein by reference.

5.    As CRO, I will not be controlled by the Debtors or any other party in these cases. I do not possess a claim against the estates, and am not financially interested in the outcome of the Debtors' bankruptcy cases. Further, other than retention as CRO, neither Avant nor I have any connection with the Debtors.

6.    I have successfully assisted debtors in numerous chapter 11 cases. My retail-related experience is more fully identified in my biography attached hereto as Exhibit "3".

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on April 19, 2011, at Los Angeles, California.

George Blanco

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

EXHIBIT "1"

EXHIBIT 1
17



**A V A N T**
A D V I S O R Y   G R O U P
LEVERAGING TRUST

**Financial Advisory**    **Distressed & Special Situations**    **CRO & Interim Management**    **Mergers & Acquisitions**

April 13, 2011

Board of Directors
No Fear Retail Stores, Inc., Simo Holdings, Inc., and No Fear MX, Inc.
1812 Aston Avenue
Carlsbad, CA  92008
Attn:  Mr. Mark Simo, Chief Executive Officer

RE: <u>No Fear Engagement of Avant Advisory Group</u>

Dear Mr. Simo:

This letter (this "Agreement") sets forth the terms and conditions of the engagement between Avant Advisory Group ("Avant") and No Fear Retail Stores, Inc., Simo Holdings, Inc., and No Fear MX, Inc. (collectively, the "Company" or "You"), including the scope of services to be performed and the basis of compensation for those services.  Upon execution of this Agreement by each of the parties below and receipt of the retainer described below, this Agreement shall constitute an agreement between the Company and Avant.

1. <u>**Description and Scope of Services**</u>

   Avant shall provide the services described below.

   a. <u>Reporting Relationship</u>. Avant shall report directly to the Board of Directors of the Company (the "Board").  In connection with this engagement, Avant shall make available to the Company:

      I. George Blanco to serve as Chief Restructuring Officer ("CRO").

      II. Upon the mutual agreement of Avant and the Company, such additional personnel as appropriate and necessary to assist in the performance of the duties set forth below ("Additional Personnel").

   b. <u>Specific Services</u>.  Avant shall perform and complete the following services during the term of this Agreement, as directed by the Board and in consultation and coordination with the Company's management team, legal counsel and financial advisors:

      I. Avant shall perform a comprehensive study and analysis of the business, operations, capital structure, financial condition, projections (including cash flow and liquidity), and short and long-term prospects of the Company;

SWERTH\ 714832.1 4/18/2011 (1:11 PM)
333 S. Grand Ave., 25th Floor
Los Angeles, CA 90071
(213) 943-1308

4590 MacArthur Blvd, Suite 500
Newport Beach, CA 92660
(949) 417-5708

EXHIBIT 1
18

Board of Directors
Simo Holdings, Inc.
No Fear Retail Stores, Inc.
No Fear MX, Inc.



II.   Avant shall assist in the identification of opportunities in the following areas: cost reductions, operational improvements, working capital improvements, revenue improvements and management personnel upgrades. We expect that Avant shall both identify opportunities for the Company and assist the Company in executing such opportunities.

III.   Avant shall assist in the development of possible restructuring plans, plans of reorganization, or strategic alternatives for maximizing the enterprise value of the Company, including maximizing the value of the Company's various business lines.

IV.   Avant shall assist and facilitate the Company's communications and negotiations with creditors, shareholders and other constituents (including, without limitation, the official committees of unsecured creditors (collectively, the "Committees").   It is understood that Avant will communicate regularly with the financial advisors to the Committees and, as appropriate, furnish to such financial advisors financial information relating to the Company.

V.   Avant shall perform such other services as reasonably requested or directed by the Board relating to the services described herein or as agreed to by Avant.

c.   <u>Duties of Avant</u>.  You recognize and confirm that, in connection with performing the services hereunder, we will be relying upon information and the accuracy of same that is supplied to us by you or on your behalf, and we will not in any respect be responsible for performing an audit or have any obligation to audit.  Also, note these procedures may change depending on the ability of the Company to provide information or as determined in our professional judgment to accomplish the objectives.

d.   <u>Employment by Avant</u>.

I.   The CRO and the Additional Personnel shall continue to be employed by Avant. With respect to the Company, however, the CRO and any Additional Personnel shall operate under the direction of the Board. The CRO shall be substantially full time during the initial 4 weeks of the term of this Agreement; thereafter, the Company and Avant shall mutually agree on his time commitment.

II.   The Company and Avant are and shall remain independent contracting parties; the arrangements contemplated by this Agreement do not create a partnership, joint venture, employment, fiduciary or similar relationship for any purpose.  Avant shall be solely responsible for the payment of all wages and other compensation of its personnel, including the CRO and all Additional Personnel.  None of the CRO, the Additional Personnel, or Avant shall be

Board of Directors
Simo Holdings, Inc.
No Fear Retail Stores, Inc.
No Fear MX, Inc.



entitled to receive any compensation or benefits from the Company or to participate in any Company compensation, benefits, incentive, insurance or other plan or program, other than as specifically set forth herein; provided, however, that the Company shall cause the CRO to be covered under the Company's directors and officers liability insurance policy, so long as such coverage may be extended to the CRO on commercially reasonable terms.

III.   Avant, the CRO and all the Additional Personnel shall comply with the Code of Business Conduct as ascribed through their professional associations including the Turnaround Management Association and the Association of Insolvency and Reorganization Advisors.

d.   Projections; Reliance; Limitation of Duties.

You understand that the services to be rendered by Avant hereunder may include the preparation of projections and other forward-looking statements, and that numerous factors can affect the actual results of the Company's operations, which may materially and adversely differ from those projections and other forward-looking statements. In addition, Avant shall be relying on information provided by the Company's management in preparation of those projections and other forward-looking statements.   Avant makes no representation or warranty that an appropriate restructuring proposal or strategic alternative can be formulated for the Company, that any restructuring proposal or strategic alternative presented to the Board will be more successful than all other possible restructuring proposals or strategic alternatives, or that restructuring is the best course of action for the Company. Furthermore, Avant makes no guarantee that any proposed restructuring plan or strategic alternative will be accepted by any of the Company's creditors, shareholders and other constituents. Avant assumes no responsibility for the Board's approval or adoption of any restructuring proposal or strategic alternative formulated or presented by Avant. However, Avant shall advise the Board of Avant's recommendations and professional judgments regarding such proposals. Avant shall be responsible for implementation only of the restructuring proposal or strategic alternative, if any, approved by the Board and only to the extent and in the manner authorized and directed by the Board.

2.   **Timetable**

We understand the importance and urgency of your needs and will expedite our response in supporting you. Upon your execution of this Engagement Letter and provision of the working fee against which we will charge our fees and expenses, we will immediately marshal our resources and be accessible to you.

We understand that the Company is currently a debtor in possession before the United States Bankruptcy Court (the "Bankruptcy Court") and that the effectiveness of this

Board of Directors
Simo Holdings, Inc.
No Fear Retail Stores, Inc.
No Fear MX, Inc.



agreement is subject to approval of the Bankruptcy Court at all times, upon a duly noticed motion to be filed by you.  We further acknowledge that we are bound by the United States Bankruptcy Code, Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules with respect to this engagement and shall abide by applicable fee application procedures for the payment of our fees and reimbursement of our expenses.

3. **Consulting Team**

George P. Blanco, CIRA, Avant managing director who leads our practice in this area, will direct our engagement with you.  He will be assisted if and as necessary by Avant's other managing directors and/or consultants.   Potential supporting / supplemental firm resources include Avant managing directors, Martin S. McDermut, CPA, CFS, CM&AA, and / or James F Davidson, CPA, CM&AA, CTP, CIRA, who will also provide quality control, accounting expertise, managerial / administrative support, and backup, as appropriate. Other Avant consultants will be provided, whenever applicable, in an efficient and cost effective manner.

4. **Professional Fees**

Hourly billing rates for our most senior level professionals range up to $495 per hour for similar situations.  However, we have committed to provide our services to you at a rate not to exceed $395 per hour for our managing directors, given the size of the Company and its marketplace.   Additionally, we shall be entitled to reimbursement of out-of-pocket costs that may include, but are not limited to, photocopies, faxes, telephone charges, computer support, printing costs, miscellaneous charges, etc.   Our hourly professional fee rates are :

| | |
|---|---|
| Managing Directors | $395 to $495 |
| Principal Consultants | $350 to $395 |
| Consultants | $250 to $350 |
| Para Professionals / Analysts | $200 to $250 |
| Administrative Staff | $75 to $100 |

We request that an advance against such fees, in the amount of $35,000, be wired to our account upon the later of (a) Bankruptcy Court approval of this Agreement and (b) funding of the Company's debtor in possession loan from Gordon Brothers (anticipated to close on or about April 22, 2011.  We request that this advance be replenished weekly in advance such that we are working against this fee or such other subsequently determined amount, based upon our ongoing estimate of financial /restructuring advisory and other anticipated professional requirements.

Board of Directors
Simo Holdings, Inc.
No Fear Retail Stores, Inc.
No Fear MX, Inc.



Our fees are not contingent upon the final results, and we do not warrant or predict the results, final developments, or what our findings may determine in this engagement. In addition to the fees described above, you will reimburse, or pay directly, expenses that Avant actually incurs in responding to discovery requests or other requests for documents, or in participating as a witness or otherwise in any legal, regulatory, or other proceedings, as a result of Avant's performance of these services, but not including disputes with you.

**5.  Approved Use of Our Communications**

Our communications, and any reports, if any, will be solely for your use and should not be distributed to any other party or for any other purposes without our prior written consent, which we will not unreasonably withhold. By signing this letter you acknowledge that the services outlined herein are appropriate for your purposes.

In the event you distribute any of our confidential communications or reports without our prior written consent, Avant assumes no responsibility whatsoever to such parties regarding those communications or reports. Any such parties have no right to rely upon same.

**6.  Resolution of Disputes**

The Bankruptcy Court shall have exclusive jurisdiction to resolve any dispute or controversy arising out of or relating to this Agreement, and you and we will be subject to the personal jurisdiction of the Bankruptcy Court in any such dispute or controversy. Following the issuance of a final, non-appealable judgment, the prevailing party shall be entitled to recovery of costs and reasonable attorneys' fees, as awarded by the Bankruptcy Court.

**7.  Indemnification**

You agree to indemnify and hold Avant and personnel, agents and contractors ("Indemnified Person") harmless against all costs, fees, expenses, damages, and liabilities (including reasonable defense costs and legal fees and charges for the time of Avant's employees and staff at their then hourly rates), associated with any legal proceeding or other claim brought against us by a third party, including a subpoena or court order, arising from or relating to any services that we perform on and related to this engagement generally.  This indemnity, as finally adjudicated by a finder of fact, shall not apply to the extent a claim arises out of our gross negligence or willful misconduct.  Neither of us will be liable for any delays or failures in performance due to circumstances beyond our reasonable control.

Board of Directors
Simo Holdings, Inc.
No Fear Retail Stores, Inc.
No Fear MX, Inc.



The provisions in this paragraph shall survive and be fully effective regardless of any termination or completion of the engagement, and shall be binding upon and inure to the benefit of any successors, assigns, heirs or personal representative of the parties hereto. The indemnification rights shall be in addition to any other rights that any Indemnified Person may have, at common law or otherwise.

For any Avant personnel who serve on behalf of the Company, as an officer, or in such other management capacity for the Company, No Fear agrees to add such Avant personnel to the Company's D&O insurance policy. Accordingly, Avant personnel will also be included with equivalent D&O insurance coverage as are such other Company personnel.

8.  **Additional Provisions**

Avant shall not, during the term of this Agreement, perform services for any lender, financial institution, investor, or other person under contract with you, to whom the Company is indebted, or with whom the Company undertakes discussions regarding a transaction to acquire its business, its assets or otherwise.  .  Avant shall not be precluded from performing services for any such lender, financial institution, investor, or other person following the termination of this Agreement; provided, however, that Avant shall give you prior written notice if any such services are to be performed prior to the date on which the Bankruptcy Court enters an order confirming the reorganization plan of the Company, with a copy of such notice to be given to legal counsel to each of the Committees.

With your prior written consent, not to be unreasonably withheld, Avant has the right to publish a tombstone at its own expense describing its advisory services for you covered by this Agreement, which tombstone may include your Company's name. Avant may include in promotional material and presentations the tombstone and outcome of the engagement derived from the project covered by this Agreement, provided that Avant will omit from such data and presentation material the names of all third party entities with whom you conduct business.

This Agreement shall be governed by and interpreted in accordance with the laws of the State of California, without regard to choice of law provisions. This Agreement constitutes the sole agreement among the parties and supersedes any and all prior oral or written agreements, promises or understandings among them relating to the subject matter hereof; no express or implied representations warranties or inducements have been made by any party to any other party except as set forth in this agreement. This Agreement cannot be modified or changed except by a written instrument signed by each party hereto. This Agreement shall not be assigned or transferred in whole or in part by either party without the prior written consent of the other party, and any attempt to do so shall be void and unenforceable.  This Agreement may be terminated,

Board of Directors
Simo Holdings, Inc.
No Fear Retail Stores, Inc.
No Fear MX, Inc.


AVANT
ADVISORY GROUP
LEVERAGING TRUST

at the discretion of either party, on twenty (20) days' prior written notice, with a copy of such notice to be given to legal counsel to each of the Committees.

Avant will not disclose to any third party without your prior written consent any confidential information that is received from you or with respect to the business of the Company, except as appropriate under bankruptcy proceedings. Any such confidential information shall be used solely for the purposes of providing services by Avant pursuant to the terms of this Agreement. These restrictions will not apply to any information which: (i) is or becomes generally available to the public other than as a result of a breach of this Agreement by Avant; or (ii) is acquired from a third party who owes no obligation of confidence with respect to such information; or (iii) is appropriate and/or required under requirements of the bankruptcy proceeding.

* * * * *

We would appreciate your signing and immediately returning this letter to us to confirm that you agree with the terms of this Agreement.

Very truly yours,

**Avant Advisory Group**

By: _George Stamos_

Title: _Managing Director_

Date: _April 17, 2011_

**Simo Holdings, Inc.**

By: _____

Title: _____

Date: _____

**No Fear Retail Stores, Inc.**

By: _____

Title: _____

Date: _____

**No Fear MX, Inc.**

By: _____

Title: _____

Date: _____

EXHIBIT 1
24

# EXHIBIT "2"

EXHIBIT 2
25

CSD 1001A [11/15/04]

Name, Address, Telephone No. & I.D. No.

David S. Kupetz (CA Bar No. 125062)
   dkupetz@sulmeyerlaw.com
Steven F. Werth (CA Bar No. 205434)
   swerth@sulmeyerlaw.com
**Sulmeyer**Kupetz
A Professional Corporation
333 South Hope Street, Thirty-Fifth Floor
Los Angeles, California 90071-1406
Telephone:213.626.2311
Facsimile: 213.629.4520
Attorneys for No Fear Retail Stores, Inc., No Fear MX, Inc., and
Simo Holdings, Inc., Debtors and Debtors in Possession

**Order Entered on April 07, 2011 by Clerk U.S. Bankruptcy Court Southern District of California**

## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

| | |
|---|---|
| In Re:<br><br>NO FEAR RETAIL STORES, INC., a California corporation, NO FEAR MX, INC., a California corporation, and SIMO HOLDINGS, INC., a California corporation,<br><br>Debtors. | BANKRUPTCY NO. 11-02896-MM11<br><br>(Jointly Administered with Case Nos. 11-02897-MM11; 11-02898-MM11)<br><br>Date of Hearing:  April 1, 2011<br>Time of Hearing:  2:00 p.m.<br>Name of Judge:  Hon. Margaret M. Mann |

## ORDER ON MOTION OF DEBTORS AND DEBTORS IN POSSESSION FOR ORDER AUTHORIZING DEBTORS TO ENTER INTO DEBTOR IN POSSESSION CREDIT FACILITY WITH HILCO BRANDS, LLC AND INFINITY FS BRANDS, LLC

**IT IS ORDERED THAT** the relief sought as set forth on the continuation pages attached and numbered two (2) through 11 with exhibits, if any, for a total of 11 pages, is granted. Motion/Application Docket Entry No. 87

//

//

DATED:    April 07, 2011

Ju _Margaret M Mann_____

Judge, United States Bankruptcy Court

Signature by the attorney constitutes a certification under Fed. R. of Bankr. P. 9011 that the relief in the Order is the relief granted by the Court.

Submitted by:

**Sulmeyer**Kupetz, A Professional Corporation
(Firm name)

By:  _/s/ Steven F. Werth_____
Attorney for ☒ Movant ☐ Respondent
No Fear Retail Stores, Inc., No Fear MX, Inc., and Simo Holdings, Inc., Debtors and Debtors in Possession

EXHIBIT 2
26

SWERTH\ 713178.2 CSD 1001A

American LegalNet, Inc.
www.USCourtForms.com

CSD 1001A [11/15/04] (Page 2)

"ORDER ON MOTION OF DEBTORS AND DEBTORS IN POSSESSION FOR ORDER AUTHORIZING DEBTORS
TO ENTER INTO DEBTOR IN POSSESSION CREDIT FACILITY WITH HILCO BRANDS, LLC AND
INFINITY FS BRANDS, LLC"

| DEBTOR: | CASE NO: 11-02896-MM11 |
|---|---|
| NO FEAR RETAIL STORES, INC., a California corporation, NO FEAR MX, INC., a California corporation, and SIMO HOLDINGS, INC., a California corporation, | (Jointly Administered with Case Nos. 11-02897-MM11; 11-02898-MM11) |

Upon the motion (the "Motion") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") authorizing the Debtors to enter into Debtor in Possession Credit Facility with Hilco Brands, LLC and Infinity FS Brands, LLC (collectively, "Hilco/Infinity"), all as more fully set forth in the Motion and declarations in support thereof; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest, and the Debtors having provided appropriate notice of the Motion, and the notice of Motion under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, and upon the below recitals, the Court orders as follows:

**RECITALS**

A.   In conjunction with the resolution of the Objection of the Official Committee of Unsecured Creditors of No Fear Retail Stores, Inc. (the "Committee"), the Debtors have agreed to seek the appointment of a Chief Restructuring Officer ("CRO").   The Debtors have agreed to provide the Committee a list of potential CRO candidates on or before April 7, 2011.

B.   The Debtors have agreed to select a CRO and advise the Committee as to the Debtors' selection by April 12, 2011 at 12:00 p.m.   Debtors have agreed that the selection of the CRO shall at all times be subject to the Committee's consent and the Debtors shall not seek the appointment of a CRO without such consent.

C.   Subject to Committee consent, the Debtors have agreed that the CRO's engagement shall commence no later than April 13, 2011; provided, however, this Order shall not constitute approval of or authorization for appointment of a CRO. Any appointment of a CRO shall be subject to Court approval upon notice and a hearing. The UST and all other parties-in-interest other than the Debtors and the Committee reserve all rights to oppose the appointment of a CRO.

**IT IS HEREBY ORDERED THAT:**

1.   The Motion is granted as set forth herein.

EXHIBIT 2
27

American LegalNet, Inc.
www.USCourtForms.com

Signed by Judge Margaret M. Mann April 07, 2011

SWERTH\ 713178.2 CSD 1001A

CSD 1001A [11/15/04]  (Page 3)

2.    The Objection filed by the Office of the United States Trustee ("UST") to this Motion was resolved by the changes to the agreement with Hilco/Infinity removing the break-up fee.

3.    Nothing in this Order shall prevent the United States Trustee, Official Committee of Unsecured Creditors of No Fear Retail Stores, Inc. (the "Committee"), or any other creditor of the administratively consolidated cases from objecting to the Motion on a final basis.

4.    The Debtors are hereby authorized to enter into the commitment letter with Hilco/Infinity dated April 1, 2011, which is attached hereto as Exhibit "1".

5.    The Debtors are hereby authorized to pay Hilco/Infinity a non-refundable commitment fee of $60,000 and to pay Hilco/Infinity a nonrefundable partial legal expense deposit of $20,000. In the event Hilco/Infinity is prepared to close the transaction pursuant to the terms outlined in the commitment letter and the Debtors choose not to proceed, Debtors are authorized to pay Hilco/Infinity the balance of its outstanding legal costs, up to $10,000.

6.    Should any DIP Facility be approved by the Court, such DIP Facility will create no lien upon the Debtors' nonresidential real property leases.

7.    A final hearing on the Motion is set for April 18, 2011 and 10:00 a.m.

8.    Debtors are to file a statement of position regarding DIP Facility approval by no later than 9:00 a.m. on April 15, 2011.  Any response to the Debtor's statement of position is to be filed by no later than 9:00 a.m. on April 18, 2011.

9.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

***

EXHIBIT 2
28

American LegalNet, Inc.
www.USCourtForms.com

*Signed by Judge Margaret M. Mann April 07, 2011*