CSD 1001A [11/15/04]
Name, Address, Telephone No. & I.D. No.
Jeffrey N. Pomerantz (CA Bar No. 143717)
Jeffrey W. Dulberg (CA Bar No. 181200)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760

Order Entered on
May 16, 2011
by Clerk U.S. Bankruptcy Court
Southern District of California

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re

NO FEAR RETAIL STORES, INC., a California corporation, SIMO HOLDINGS INC., a California corporation and NO FEAR MX, INC., a California corporation,

Debtor.

BANKRUPTCY NO. 11-02896-MM11

Date of Hearing: May 5, 2011
Time of Hearing: 3:00 p.m.
Name of Judge: Honorable Margaret Mann

## ORDER ON
**APPLICATION FOR AN ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT OF BDO USA, LLP AS FINANCIAL ADVISOR FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF NO FEAR RETAIL STORES, INC. NUNC PRO TUNC TO MARCH 28, 2011, AND AS FINANCIAL ADVISOR FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF SIMO HOLDINGS, INC. NUNC PRO TUNC TO APRIL 7, 2011**

IT IS ORDERED THAT the relief sought as set forth on the continuation pages attached and numbered two (2) through __2__ with exhibits, if any, for a total of __2__ pages, is granted. Motion/Application Docket Entry No. __162__

//
//
//
//
//
//

DATED: May 16, 2011

Judge, United States Bankruptcy Court

Signature by the attorney constitutes a certification under Fed. R. of Bankr. P. 9011 that the relief in the order is the relief granted by the court.

Submitted by:

Pachulski Stang Ziehl & Jones LLP
(Firm name)

By: /s/ Jeffrey W. Dulberg
Attorney for ☑ Movant ☐ Respondent

CSD 1001A

CSD 1001A [11/15/04] (Page 2)
ORDER ON APPLICATION FOR AN ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT OF BDO USA, LLP AS FINANCIAL ADVISOR FOR THE OFFICIAL COMMITTEE OF
DEBTOR: NO FEAR RETAIL STORES, INC., a California corporation, SIMO HOLDINGS INC., a     CASE NO: 11-02896-MM11
         California corporation and NO FEAR MX, INC., a California corporation,

On April 15, 2011, the Official Committee of Unsecured Creditors ("NFRS Committee") of No Fear Retail Stores, Inc. ("NFRS") and the Official Committee of Unsecured Creditors ("Simo Committee") of Simo Holdings, Inc. ("Simo") submitted an application (the "Application") for an order, pursuant to Section 1103 of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure, authorizing the retention and employment of BDO USA, LLP ("BDO") as financial advisor to the NFRS Committee and Simo Committee (together, the "Committees") to the United States Trustee's Office. On April 18, 2011, the Committees filed the Application and the Declaration of William Creelman (the "Declaration") with the Court and filed a Notice of Hearing on the Application with the hearing date of May 5, 2011 at 3:00 p.m. in Department 1, Room 218. On April 26, 2011, the United States Trustee's Office filed a Statement of Position (the "UST Objection"). The Committees filed their reply on May 3, 2011. On May 5, 2011 at 3:00 p.m. (the "Hearing"), the Court held a hearing on the Application and the UST Objection. Parties appeared as noted on the record. Having considered the arguments by the parties at the Hearing, the Application, the Declaration, and the UST Objection, and having found that BDO's employment is necessary and in the best interests of the Debtors' estates and their creditors; and it appearing that due and proper notice of the Application has been given, and that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor; it is hereby ORDERED, ADJUDGED, AND DECREED THAT

1. The Committees are authorized pursuant to section 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a), and the Local Bankruptcy Rules to employ and retain BDO as their financial advisor in accordance with the terms and conditions set forth in the Application, subject to the following modifications:

(a) BDO shall receive monthly compensation at the rate of $65,000 per month for the first two months of its engagement and $50,000 a month for each month thereafter;
(b) On a monthly basis, BDO shall provide the UST a summary analysis of what BDO's fees would have been for the prior month had BDO been retained on an hourly rate basis. If BDO's cumulative monthly fees from the commencement of its representation of the Committees exceed the cumulative fees that BDO would have billed from the commencement of its representation of the Committees if BDO were retained on an hourly basis the UST may request that the Committees alter the monthly compensation arrangement. If the Committees do not agree to alter the monthly compensation arrangement at the request of the UST, the UST reserves the right to seek a modification of BDO's compensation terms by filing a noticed motion seeking such relief;
(c) Notwithstanding anything in the Application to the contrary, BDO shall only be entitled to reimbursement of expenses in accordance with prevailing UST guidelines;
(d) Notwithstanding anything in the Application to the contrary, BDO shall not be entitled to compensation which exceeds the monthly amounts described in subparagraph (a) above, unless the Committee seeks to increase BDO's compensation pursuant to a noticed motion; and
(e) BDO shall not retain independent contractors to render services in connection with these cases unless the Committees seek such relief pursuant to a noticed motion;

2. Notwithstanding the prior paragraph, the fees payable to BDO shall be subject to review only pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to the standard of review set forth in section 330 of the Bankruptcy Code; provided, however, the UST, and no creditor or other party in interest, shall have the right to object to any fees paid or payable to BDO pursuant to the Application under section 330 of the Bankruptcy Code; and

3. To the extent the services rendered by BDO benefit both the Simo and NFRS estates, each of the Simo and NFRS estates shall be jointly and severally liable for payment of such fees, provided, however, that the Court is making no determination at this time as to the extent that BDO's services benefit both the Simo and NFRS estates.

APPROVED AS TO FORM:

Haeji Hong
Counsel for United States Trustee

CSD 1001A

*Signed by Judge Margaret M. Mann May 16, 2011*