David S. Kupetz (CA Bar No. 125062)
  dkupetz@sulmeyerlaw.com
Steven F. Werth (CA Bar No. 205434)
  swerth@sulmeyerlaw.com
**Sulmeyer**Kupetz
A Professional Corporation
333 South Hope Street, Thirty-Fifth Floor
Los Angeles, California 90071-1406
Telephone: 213.626.2311

Bankruptcy Counsel for No Fear Retail Stores, Inc. Simo Holdings, Inc, and No Fear MX, Inc., Debtors and Debtors in Possession

# UNITED STATES BANKRUPTCY COURT

## Southern District of California

| | |
|---|---|
| In re<br><br>NO FEAR RETAIL STORES, INC., a California corporation, SIMO HOLDINGS, INC., a California corporation, and NO FEAR MX, INC., a California corporation,<br><br>Related Debtors.<br><br>Employer ID Nos. 20-5238208, 93-1037856, 26-0432196 | Case No.  11-02896-MM11<br><br>(Jointly Administered with Case Nos. 11-02897-MM11; 11-02898-MM11)<br><br>Chapter 11 Cases<br><br>**REPLY OF DEBTORS AND DEBTORS IN POSSESSION TO BRANDS HOLDINGS LIMITED'S OPPOSITION TO EX PARTE MOTION FOR ORDER SHORTENING TIME PURSUANT TO LOCAL BANKRUPTCY RULE 9013-6(a)(1)(F) RE MOTION OF DEBTORS AND DEBTORS IN POSSESSION TO REJECT TRADE MARK LICENSE AGREEMENT; DECLARATION OF JOSE L. PATIÑO; DECLARATION OF STEVEN F. WERTH**<br><br>DATE: [No Hearing Required]<br>TIME: [No Hearing Required]]<br>PLACE: U.S. Bankruptcy Court<br>         325 West "F" Street<br>         San Diego, CA 92101 |

The opposition ("Opposition") of Brands Holdings Limited to the Debtors' *ex parte* motion for an order shortening time is not well taken. The substance of the underlying motion (the "Motion"), pursuant to which the Debtors seek an order

[DSK\APP\498331.1 6/20/11 (10:42 AM)]

regarding the rejection of an executory contract (the "Trademark Agreement"), involves a contract between two parties: No Fear, Inc. (predecessor to Simo Holdings, Inc.) and No Fear International Limited (the "JV Company"). Brands Holdings Limited ("BHL") is not a party to the Trademark Agreement. BHL thus lacks standing not only to oppose the Debtors' motion seeking an order shortening time, but the Motion itself.

The Opposition is nothing more than a scheme by BHL, who is affiliated with a bidder that has already made a low-ball offer to purchase the assets of the Debtors' estates, to chill the bidding process. BHL seeks to depress the value of the Debtors' assets and suppress potential bidders who are inclined to offer more to purchase the Debtors' assets than BHL's affiliate's current low-ball offer.

The Opposition is the second action taken in two days by BHL to chill the bidding process for the Debtors' assets and diminish the value of the estates' assets to the detriment of creditors. On June 16, 2011 BHL filed a "Notice of Brands Holdings Limited's Intent To Enforce Provisions In Shareholders Agreement And IP Agreement" (the "Notice"). The Notice, a true and correct copy of which is attached hereto as **Exhibit "1"**, in apparent violation of the automatic stay, asserts that the option under the Trademark Agreement is deemed to have been automatically exercised by the JV Company, despite the fact that the JV Company is not a party to the Notice or the Opposition.[1] BHL's intent to chill bidding is further evidenced by an email sent by BHL's counsel to Debtors' counsel on Friday June 17, 2011 at 6:04 p.m., shortly after BHL filed the Opposition, that the Notice be included in the Debtors' electronic data room so that it may be viewed by other potential bidders on the Debtors' assets. *See* **Exhibit "2"**. The Debtors' have included the Notice in the electronic data room and have

---

[1] Debtors request that the Court take judicial notice of the Notice pursuant to Federal Rule of Evidence 201.

advised BHL's counsel that the Debtors believe that the Notice is part of a bid chilling effort and reflects a violation of the automatic stay.

In the Notice, BHL asserts that the option under the Trademark Agreement is deemed to have been automatically exercised by the JV Company. Notice, 1:24 ("the Option under the IP Agreement is deemed to have been automatically exercised"). In this regard, it is interesting to note that the JV Company (the actual party to the Trademark Agreement with the Debtors) has provided no notice of exercise of the option, has not paid the option exercise fee, and that the option was not exercised prior to the commencement of the Debtors' chapter 11 cases on February 24, 2011. Accordingly, the purported postpetition exercise of the option, would, at a minimum, violate 11 U.S.C. §362(a)(3), which operates as a stay of any act to obtain possession of property of the estate or to exercise control over any property of the estate, and is null and void. Moreover, to the extent that BHL is asserting that the option is deemed exercised by the JV Company (which, again, has itself provided no notice of exercise and has not paid the exercise fee) as a result of any provision in the Trademark Agreement based on the commencement of the Debtors' chapter 11 cases or financial condition, such provisions are unenforceable pursuant to section 541(c) and 11 U.S.C. §365(e)(1) of the Bankruptcy Code.

Section 541(c) provides:

>  (1) Except as provided in paragraph (2) of the subsection, an interest of the debtor in property becomes property of the estate under subsection (a)(1), (a)(2), or (a)(5) of this section notwithstanding any provision in an agreement, transfer instrument, or applicable nonbankruptcy law—
>
>  (A) that restricts or conditions transfer of such interest by the debtor; or
>
>  (B) that is conditioned on the insolvency or financial condition of the debtor, on the commencement of a case under this title, or on the appointment of or taking possession by a trustee in a case under

this title or a custodian before such commencement, and that effects or gives an option to effect a forfeiture, modification, or termination of the debtor's interest in property.

11 U.S.C. § 541(c)

Further, Section 365(e)(1) states:

> Notwithstanding a provision in an executory contract or unexpired lease, or in applicable law, an executory contract or unexpired lease of the debtor may not be terminated or modified, and any right or obligation under such contract or lease may not be terminated or modified, at any time after the commencement of the case solely because of a provision in such contract or lease that is conditioned on---
>
> (A) the insolvency or financial condition of the debtor at any time before the closing of the case;
>
> (B) the commencement of a case under this title; or
>
> (C) the appointment of or taking possession by a trustee in a case under this title or a custodian before such commencement.

11 U.S.C. § 365(e)(1).

BHL's assertion that the underlying issues in the Motion are too complicated to be heard on shortened time is wrong. The Trademark Agreement is an executory contract (any analysis regarding whether it is executory is very ordinary/standard), and a court's consideration/approval of the rejection of an executory contract is made on a summary basis. In re S.A. Holding Co., LLC, 357 B.R. 51 (Bankr. D.N.J. 2006) ("A motion to assume or reject an executory contract should be considered a summary proceeding, intended to efficiently review the trustee's or debtor's decision to adhere to or reject a particular contract in the course of the swift administration of the bankruptcy estate. It is not the time or place for prolonged discovery or a lengthy trial with disputed issues."). BHL suggests that the fact that the Trademark Agreement is based on English law,

4

extensive discovery will be required.[2]  However, the parties are not required to offer expert testimony concerning the contents of English law.  In re Tyson, 433 B.R. 68, 78-79 (S.D.N.Y. 2010); see also Sunstar, Inc. v. Alberto-Culver Co., 586 F.3d 487, 495 (7th Cir. 2009) ("articles, treatises, and judicial opinions" are "superior sources" of foreign law compared with expert testimony often "selected on the basis of the convergence of their views with the litigating position of the client").  Further, the only issue of English law relevant to the motion is the issue of beneficial ownership as distinct from legal ownership—a fundamental concept under English law arising under the law of trusts.  This Court is well-equipped to resolve this issue without the need of evidentiary hearing or such other drawn-out process as BHL suggests in an attempt to prevent the Debtors from rejecting the Trade Mark License Agreement in time to profit from selling a worldwide interest in the No Fear brand.  It is also clear that trademarks do not fall within the scope of the rights that licensees retain pursuant to Section 365(n)(1), which pertains to the rejection of license agreements.  No discovery is needed.  There are no material issues of factual dispute.

There is nothing that precludes an expedited determination of the Motion.  As set forth in the motion to shorten time, under the current facts and circumstances of these cases, such a determination is reasonable, necessary, and appropriate.

For the foregoing reasons, the Opposition is not made in good faith.  It is made by a party that is not even a party to the Trademark Agreement, has no standing, and an affiliate of an entity currently bidding for the Debtors' assets (that has already made a low-ball offer), for the primary purpose of bid chilling and depressing the value of the Debtors' assets to the detriment of all creditors.  The

---

[2] To the extent not otherwise preempted by the Bankruptcy Code, the Trademark Agreement is governed by and construed in accordance with English law.

Opposition has no legitimate purpose, should be overruled, and for the reasons set forth in the motion to shorten time and the supporting declarations and exhibits, including the urgent circumstances facing the estates, a hearing should be set at a time convenient for the Court as requested in the motion to shorten time.

DATED: June 20, 2011

Respectfully submitted,

**Sulmeyer**Kupetz
A Professional Corporation

By: _____
Steven F. Werth
Bankruptcy Counsel for No Fear Retail Stores, Inc. Simo Holdings, Inc, and No Fear MX, Inc., Debtors and Debtors in Possession

## DECLARATION OF JOSE L. PATIÑO

I, Jose L. Patiño, declare:

1. I am special intellectual property counsel to No Fear Retail Stores, Inc., Simo Holdings, Inc., and No Fear MX, Inc., collectively, the "Debtors." I have personal knowledge of the matters set forth in this Declaration, and I could and would competently testify thereto if called upon to do so. Capitalized terms not otherwise defined herein have the meanings given them in the pleading to which this declaration is attached.

2. BHL suggests that the fact that the Trademark Agreement is based on English law, extensive discovery will be required.[3] However, the parties are not required to offer expert testimony concerning the contents of English law. In re Tyson, 433 B.R. 68, 78-79 (S.D.N.Y. 2010); see also Sunstar, Inc. v. Alberto-Culver Co., 586 F.3d 487, 495 (7th Cir. 2009) ("articles, treatises, and judicial opinions" are "superior sources" of foreign law compared with expert testimony often "selected on the basis of the convergence of their views with the litigating position of the client"). Further, the only issue of English law relevant to the motion is the issue of beneficial ownership as distinct from legal ownership—a fundamental concept under English law arising under the law of trusts.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 20th day of June, 2011, at San Diego, California.

_____
Jose L. Patiño

---

[3] To the extent not otherwise preempted by the Bankruptcy Code, the Trademark Agreement is governed by and construed in accordance with English law.

SWERTH\ 722652.1

## DECLARATION OF STEVEN F. WERTH

I, Steven F. Werth, declare:

1. I am an attorney at law duly admitted to practice before this Court and am one of the attorneys responsible for the representation of No Fear Retail Stores, Inc. ("NFRS"), Simo Holdings, Inc. ("Simo Holdings"), and No Fear MX, Inc. ("NFMX", and together with NFRS and Simo Holdings, the "Debtors"), debtors and debtors in possession herein. Each of the facts contained in this declaration is based on personal knowledge and, if called as a witness, I could and would competently testify thereto under oath.

2. Capitalized terms have the meanings given to them in the Motion to which this Declaration is attached.

3. The substance of the underlying motion (the "Motion"), pursuant to which the Debtors seek an order regarding the rejection of an executory contract (the "Trademark Agreement"), involves a contract between two parties: No Fear, Inc. (predecessor to Simo Holdings, Inc.) and No Fear International Limited (the "JV Company"). BHL is not a party to the Trademark Agreement. BHL thus lacks standing not only to oppose the Debtors' motion seeking an order shortening time, but the Motion itself.

4. BHL is affiliated with a bidder that has already made a low-ball offer to purchase the assets of the Debtors' estate.

5. The Opposition is the second action taken in two days by BHL to chill the bidding process for the Debtors' assets and diminish the value of the estates' assets to the detriment of creditors. On June 16, 2011 BHL filed a "Notice of Brands Holdings Limited's Intent To Enforce Provisions In Shareholders Agreement And IP Agreement" (the "Notice"). The Notice, a true and correct copy of which is attached hereto as **Exhibit "1"**, in apparent violation of the automatic stay, asserts that the option under the Trademark Agreement is deemed

8

1  to have been automatically exercised by the JV Company, despite the fact that the JV Company is not a party to the Notice or the Opposition.

6. BHL's intent to chill bidding is further evidenced by an email sent by BHL's counsel to Debtors' counsel on Friday June 17, 2011 at 6:04 p.m., shortly after BHL filed the Opposition, that the Notice be included in the Debtors' electronic data room so that it may be viewed by other potential bidders on the Debtors' assets. *See* **Exhibit "2"**. The Debtors' have included the Notice in the electronic data room and have advised BHL's counsel that the Debtors believe that the Notice is part of a bid chilling effort and reflects a violation of the automatic stay.

7. In the Notice, BHL asserts that the option under the Trademark Agreement is deemed to have been automatically exercised by the JV Company. Notice, 1:24 ("the Option under the IP Agreement is deemed to have been automatically exercised"). However, JV Company (the actual party to the Trademark Agreement with the Debtors) has provided no notice of exercise of the option, has not paid the option exercise fee, and did not exercise the option prior to the commencement of the Debtors' chapter 11 cases on February 24, 2011.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 20th day of June, 2011, at Los Angeles, California.

_____
Steven F. Werth

# EXHIBIT "1"

EXHIBIT 1
10

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
PAUL S. MALINGAGIO, Cal. Bar No. 90451
pmalingagio@sheppardmullin.com
ALAN M. FELD, Cal. Bar No. 155345
afeld@sheppardmullin.com
STEPHANIE M. SEIDL, Cal. Bar No. 253674
sseidl@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:  213-620-1780
Facsimile:  213-620-1398

Attorneys for
BRANDS HOLDINGS LIMITED

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>NO FEAR RETAIL STORES, INC., a California corporation, SIMO HOLDINGS, INC., a California corporation; and NO FEAR MX, INC., a California corporation,<br><br>Related Debtors.<br><br>Employer ID Nos. 20-5238208, 93-1037856, 26-0432196 | Case No. 11-02896-MM11<br><br>(Jointly Administered with Case Nos. 11-02897-MM11; 11-02898-MM11)<br><br>Chapter 11 Cases<br><br>**NOTICE OF BRANDS HOLDINGS LIMITED'S INTENT TO ENFORCE PROVISIONS IN SHAREHOLDERS AGREEMENT AND IP AGREEMENT** |

W02-WEST:1SMS1\403639052.2

EXHIBIT 1
11

  **PLEASE TAKE NOTICE** that Simo Holdings, Inc. (fka No Fear, Inc.) ("Simo") and Brands Holding Limited ("BHL") are parties to that certain *Shareholders Agreement* (the "Shareholders Agreement") dated October 2, 2005. The Shareholders Agreement establishes a joint venture in which Simo and BHL are joint owners of No Fear International Limited (the "JV Company"). Simo and the JV Company are also parties to that certain *Trade Mark and Intellectual Property License Agreement* dated October 2, 2005 (the "IP Agreement," and together with the Shareholders Agreement, the "Agreements").

  **PLEASE TAKE FURTHER NOTICE** that, based on the occurrence of one or more events of default under the Shareholders Agreement, BHL intends to exercise certain provisions in the Shareholders Agreement, including, but not limited to, the termination of Simo's voting rights as well as its rights to control, influence, supervise or manage, the JV Company (subject to obtaining an Order from this Court terminating the automatic stay and otherwise authorizing the exercise of such rights).

  **PLEASE TAKE FURTHER NOTICE** that, based on the occurrence of one or more Trigger Events under the IP Agreement, BHL intends to exercise certain provisions in the IP Agreement, including, but not limited to, the termination of the license granted to Simo under the IP Agreement (subject to obtaining an Order from this Court terminating the automatic stay and otherwise authorizing the exercise of such rights).

  **PLEASE TAKE FURTHER NOTICE** that based upon the occurrence of one or more Trigger Events under the IP Agreement, the Option under the IP Agreement is deemed to have been automatically exercised by the JV Company.

1     **PLEASE TAKE FURTHER NOTICE** that BHL reserves all of its rights and remedies under each of the Shareholders Agreement and the IP Agreement including, without limitation, all rights outside the territorial jurisdiction of the United States.

Dated: June 16, 2011

                                    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

                                    By       */s/ Stephanie M. Seidl*
                                                   PAUL S. MALINGAGIO
                                                   ALAN M. FELD
                                                   STEPHANIE M. SEIDL

                                  Attorneys for BRANDS HOLDINGS LIMITED

# EXHIBIT "2"

EXHIBIT 2
14

**Werth, Steven F.**

| | |
|---|---|
| **From:** | Kupetz, David S. |
| **Sent:** | Friday, June 17, 2011 6:25 PM |
| **To:** | Jeffrey Dulberg; 'Jeff Pomerantz'; Durrer II, Van C |
| **Cc:** | 'Jose L Patino'; 'Scott Benjamin'; 'Matt Venturi'; Josh Garver; 'George Blanco'; Werth, Steven F.; Pomerance, Jeffrey M. |
| **Subject:** | No Fear - Brand Holdings -- bid chilling efforts? |
| **Attachments:** | Brands Holdings Limited's Request for Special Notice.pdf; Notice of Brands Holdings Limited's Intent to Enforce Provisions in Shareholders Agreement and IP Agreement.pdf |

See below

---

**From:** Alan Feld [mailto:AFeld@sheppardmullin.com]
**Sent:** Friday, June 17, 2011 6:04 PM
**To:** Kupetz, David S.
**Cc:** Paul Malingagio
**Subject:** BHL/No Fear: [347] Brands Holdings Limited's Request for Special Notice; and [348] Notice of Intent to Enforce Provisions in Shareholders Agreement and IP Agreement, both filed 6/16/11.

David,

These two filings we made yesterday did not seem to be posted in the data room for the sale process and we thought it is important that they be included.

Thanks,

Alan

Alan M. Feld
213.617.4133 | direct
213.443.2791 | direct fax
AFeld@sheppardmullin.com | e-mail

**SheppardMullin**
Sheppard Mullin Richter & Hampton LLP
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071-1422
213.620.1780 | phone
www.sheppardmullin.com | Bio

Circular 230 Notice: In accordance with Treasury Regulations we notify you that any tax advice given herein (or in any attachments) is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of (i) avoiding tax penalties or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein (or in any attachments).

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
333 South Hope Street, Thirty-Fifth Floor, Los Angeles, California 90071-1406

A true and correct copy of the foregoing document described as  REPLY OF DEBTORS AND DEBTORS IN POSSESSION TO BRANDS HOLDINGS LIMITED'S OPPOSITION TO EX PARTE MOTION FOR ORDER SHORTENING TIME PURSUANT TO LOCAL BANKRUPTCY RULE 9013-6(a)(1)(F) RE MOTION OF DEBTORS AND DEBTORS IN POSSESSION TO REJECT TRADE MARK LICENSE AGREEMENT; DECLARATION OF JOSE L. PATIÑO; DECLARATION OF STEVEN F. WERTH  will be served or was served in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On  June 20, 2011  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the e-mail address indicated below:

- Robert R. Barnes — Landlords Affiliated with General Growth Properties — bbarnes@allenmatkins.com; bcrfilings@allenmatkins.com
- Jeffrey D. Cawdrey — Jido & Juniar, Inc. (Request for Special Notice) — jcawdrey@gordonrees.com; ebojorquez@gordonrees.com
- Jeffrey W. Dulberg — No Fear Retail Stores Creditors' Committee (RSN) — jdulberg@pszjlaw.com
- Jonathon Scott Dutcher — Maricopa County Treasurer — dutchers@mail.maricopa.gov; ejaquez@mail.maricopa.gov
- Christine Fitzgerald — Secured Creditor Don Emler/FMF Racing (RSN) — cfitzgerald@scckg.com
- Roger F. Friedman — Secured Creditor Don Emler/FMF Racing (RSN) — rfriedman@rutan.com
- Thomas M. Geher — Ultimate Brand Management, LLC (RSN) — tmg@jmbm.com
- Matthew Gold — Argo Partners — courts@argopartners.net
- Jeffrey Goodfried — 5060 Montclair Plaza Lane Holdings, LLC (RSN) — jgoodfried@perkinscoie.com
- Barry R. Gore — Secured Creditor FMF Racing — bgore@scckg.com
- Charles B. Harris — Robin Houston (RSN) — charris@airlegal.net
- Sue J. Hodges — Credit Cash NJ, LLC — sue.hodges@klgates.com
- Mark S. Hoffman — LFP Apparel, LLC (RSN) — mshllh@aol.com
- Haeji Hong — OUST (SD) — Haeji.Hong@usdoj.gov
- Brian D. Huben — The Macerich Company/ Westfield, LLC (RSN) — brian.huben@kattenlaw.com; carole.levine@kattenlaw.com
- Gregory K. Jones — P-Max Apparel Inc. (RSN) — gjones@stutman.com
- Gregory Jung — gjung@wendel.com
- David S. Kupetz — Debtor No Fear Retail Stores, Inc. — dkupetz@sulmeyerlaw.com
- Emily Ma — 1903 Onshore Funding, LLC — Emily.Ma@skadden.com
- Randall P. Mroczynski — Ford Motor Credit Company — rmroczynski@cookseylaw.com
- Ramon Naguiat — 1903 Onshore Funding, LLC (RSN) — Ramon.Naguiat@skadden.com
- Jeffrey N. Pomerantz — No Fear Retail Stores Creditors' Committee (RSN) — jpomerantz@pszjlaw.com; scho@pszjlaw.com
- Hamid R. Rafatjoo — KSDS Enterprises, Inc., dba Cygnus Sportswear (RSN) — hrafatjoo@venable.com; jnassiri@venable.com; ataylor@venable.com; bclark@venable.com
- Stephanie M. Seidl — Brands Holdings Limited — sseidl@sheppardmullin.com
- Daniel Silva — Jido & Juniar, Inc. — dsilva@gordonrees.com
- Steven F. Werth — Debtor No Fear Stores, Inc. — swerth@sulmeyerlaw.com
- Dennis J. Wickham — Cobra-Blackmore, LP (RSN) — wickham@scmv.com; havard@scmv.com

☐ Service Information continued on attached page.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                                                            **F 9013-3.1.PROOF.SERVICE**

**II.    SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served): On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service Information continued on attached page.

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P.5 and/or controlling LBR, on June 20, 2011 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method ) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

SEE ATTACHED SERVICE LIST

☒ Service Information continued on attached page.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 20, 2011 | Lauren Dionneau | /s/ Lauren Dionneau |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

LDIONNEAU\ 720346.1

**ADDITIONAL SERVICE INFORMATION (if needed):**

- George Blanco. — (CRO) No Fear Retail/MX/Simo — gblanco@avantadvisory.com
- Jonathan Brown, Esq. — LFP Apparel, LLC — jbrown@lglaw.com
- Bill Bussiere — Rep. for No Fear Retail Stores Creditors' Committee La Jolla Group — bill.bussiere@lajollagroup.com
- John O. Cronin, Esq. — Heather Moates — john@croninandcronin.com
- Joel F. Crystal, Esq. — Centro Properties Group/Centro Independence, LLC — joel.crystal@centroprop.com
- Van C. Durrer II, Esq. — 1903 Onshore Funding LLC (Gordon Bros.) — van.durrer@skadden.com
- Don Elmer — Simo Creditors' Committee FMF Racing — Dre@fmfracing.com
- Alan M. Feld — Brands Holdings Limited — afeld@sheppardmullin.com
- Josh Garver — Venturi & Co., LLC — jgarver@venturico.com
- Ken Glowacki — Interested Party — kglowacki@gibsondunn.com
- Ivan M. Gold, Esq. — igold@allenmatkins.com
- Lorraine Green, Analyst — OUST (SD) — Lorraine.green@usdoj.com
- Laith Haisha — Simo Creditors' Committee Jido & Juniar, Inc. — laith@jandjclothing.com
- Jared Hickey — Serigraphic Screen Printing — Jared@serigraphic-screen.com
- Nicole Kelley — Orange 21 N.A., Inc. — nkelley@o21na.com
- Josh Kritman — No Fear MX Creditors' Committee Mage Design, LLC — josh@snrgy.net
- Dean Landis — Secured Creditor Credit Cash NJ, LLC — dlandis@egcap.com / jricchiuti@egcap.com
- Thomas J. Leanse, Esq. — The Macerich Company/Westfield, LLC. — thomas.leanse@kattenlaw.com
- Paul S. Malingagio — Brands Holdings Limited — pmalingagio@sheppardmullin.com
- Jamie Leigh Middleton — Simo Creditors' Committee — Email4JLM@aol.com
- Cecilia Morales — Firemaster — cemorales@firemaster-mpc.com
- Jorge Navarro — No Fear MX Creditors' Committee Silver Triangle Industries — silverind@aol.com
- Ernie Zachary Park, Esq. — The Irvine Co., LLC — ernie.park@bewleylaw.com
- Jeffrey M. Pomeroy — Rep. for NFRS Creditors' Comm. Reno Retail Company, LLC — jpomeroy@bayerproperties.com
- Drina Scheiber — Paymentech — dscheiber@thebartgroup.com
- Jim Skelton – JAS Financial Services, LLC — jim@jaskelton.com
- Jeff Surwall — No Fear MX Creditors' Committee J2 LLC — surwall@yahoo.com
- Matthew B. Venturi — Venturi & Co., LLC — mventuri@venturico.com
- Ryan White — Rep. for NFRS Creditors' Committee SRH Productions Inc. — Ryan@srh.com

LDIONNEAU\ 720346.1